By the Court.
 

 The chief question presented is a constitutional one. Defendant contends that rights guaranteed him by Sections 1 and 26, Article II of our state Constitution, have been infringed. Section 1 provides that ‘ ‘ The legislative power of the state shall be vested in a general assembly consisting of a senate and house of representatives,” and Section 26 reads: * * nor, shall any act * * * be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this constitution.” Both of these sections deal with the delegation of legislative power. If, as contended by the defendant, the Legislature has delegated to the State Board of Barber Examiners and the State Department of Health the sole power of prescribing what shall or shall not be a penal offense, judgment should be entered in his favor.
 

 We are therefore driven to an examination of the two following sections of the Barbers’ Code in order
 
 *87
 
 to determine whether the Legislature, with sufficient certainty, has defined an offense and has provided punishment for its violation. Since the legislation relates to sanitation, the statutes involved were passed under the exercise of the legislative police power.
 

 Section 1081-21, General Code, reads: “It shall he unlawful: * * # (i) To use on any patron any razors, scissors, tweezers, combs, rubber discs or part of vibrators used on another person, unless the same be kept in closed compartment and immersed in boiling water or in a solution of two per cent, carbolic acid, or its equivalent, before each such use.”
 

 Section 1081-22, General Code, provides: “Each of the following constitutes a misdemeanor, punishable upon conviction by a fine of not less than twenty-five and not more than two hundred dollars: * * * (7) The violation of any regulation governing barber shops adopted by the state department of health and the violation of any sanitary requirement for barber shops and barber schools adopted by the board of barber examiners.”
 

 One of the regulations adopted by the State Board of Barber Examiners and approved by the State Department of Health was couched in the exact language employed by the Legislature in the Barbers’ Code, Section 21, subsection (i). That subsection, by express terms, made it unlawful for a licensed barber to use on any patron scissors or combs which had been used on another unless the same be kept in a closed compartment and immersed in boiling water or a solution of two per cent, carbolic acid or its equivalent. Section 22 of the same act provided that the violation of any regulation governing barber shops adopted by the State Department of Health should constitute a misdemeanor and be punishablé by fine. These two subsections are comprised in 115 Ohio Laws, 312, 319 and 320, were passed at the same time, are
 
 in pari materia,
 
 and should be construed together. Embraced in the
 
 *88
 
 two subsections was the legislative purpose of making the offense charged an unlawful act; and to punish such unlawful act whenever the state boards, acting under authority of and in express compliance with state law, adopted a regulation enforcing the purpose of the act. Had the state boards adopted a regulation making some act unlawful which the Legislature did not define as being unlawful, there would be reason for the contention that such a regulation would constitute a delegation of legislative power.
 

 Counsel for both parties have cited many cases from this and other states upon the question of the delegation of legislative power. Without commenting upon the various cases decided by this court, we think the trend of its decisions supports the conclusion that the two sections, when interpreted together, do not constitute a delegation of legislative power and are constitutionally valid. A case particularly apt is
 
 State
 
 v.
 
 Messenger,
 
 63 Ohio St., 398, 59 N. E., 105. There the Ohio Legislature passed an act making it unlawful for one to transport more than two thousand pounds over certain roads in any vehicle having a tire less than three inches in width. The act then conferred power on the county commissioners to prescribe a weight increase of more than two thousand pounds which might be carried in vehicles having a tire width of three inches or upwards. Such regulations were required to be recorded in the commissioners’ journal. The act further contained the following provision: “All persons violating this act or any regulations duly prescribed by the aforesaid board of county commissioners made in pursuance hereof, shall be guilty of a misdemeanor.” This court held that the provisions of the act did not confer legislative power on the county commissioners.
 

 Counsel for plaintiff in error devotes three pages of his brief to a claimed error committed by the Court of Appeals in failing to write an opinion stating upon
 
 *89
 
 what principles of law the case was decided by the appellate court. "While in many cases opinions may be desirable for the benefit of bench and bar, there is neither constitutional nor statutory provision requiring the appellate court to write an opinion. Where opinions of the lower courts are available, this court has passed a rule requiring plaintiffs in error to submit the opinions of the lower courts with their briefs; but this does not mean that they are required to write opinions. Counsel for defendant relies entirely upon Section 12248, General Code. That section merely provides that errors assigned and pointed out by brief shall be considered by the appellate court; and that, in case of reversal and remand, the Court of Appeals shall state the error upon which the judgment of reversal was founded. This is done by journal entry. In any event, when the judgment of the trial court is affirmed, as in the present case, the last clause referred to cannot possibly apply.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.