CRABTREE, APPELLANT, *v.* BOARD OF EDUCATION, WELLSTON CITY SCHOOL DISTRICT, ET AL., APPELLEES.

(No. 282—Decided December 28, 1970.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Rankin M. Gibson,* for appellant.
*Mr. M. D. Slavens* and *Mr. Joseph Oths,* for appellees.

GRAY, P. J. This cause is in this court on appeal from a judgment of the Court of Common Pleas of Jackson County denying an injunction to plaintiff.

The plaintiff, appellant herein, feeling aggrieved by this action of the trial court filed his notice of appeal and assigned the following errors:

"I. The trial court erred in finding that the decision made by the board of education at the April 13, 1970 meeting not to re-employ plaintiff was valid when the Clerk of the Board was absent and the members of the Board did not choose one of their members to serve as Clerk *pro-tempore.*

"II. The trial court erred in finding that the notice of intention not to re-employ the plaintiff, dated April 14, 1970, was valid where the board's determination not to re-employ the plaintiff was reached at a meeting where the

Clerk of the Board was absent and the members of the Board did not choose one of their members to serve as Clerk *pro tempore.*

"III. The trial court erred in finding that a Board of Education may lawfully terminate the employment of a teacher eligible for a continuing contract on the mere recommendation of its Superintendent without giving such teacher notice of the cause for termination on a hearing, nor an opportunity to cure his deficiencies, if any."

The operative facts are as follows. Plaintiff was employed under a limited teacher's contract for a three-year period commencing in 1967 and ending June 30, 1970.

The superintendent of the Wellston city schools, at a meeting of the Board of Education on April 13, 1970 recommended that plaintiff not be re-employed. A notice was given plaintiff on April 14, 1970 reflecting the action of the board.

The regular clerk of the board was not present at the meeting of April 13, 1970 and the board did not choose one of their number to serve in his place as required by R. C. 3313.23.

Mary Riley took notes of the meeting preparatory to the preparation of the minutes.

It is the contention of plaintiff that since the requirements of R. C. 3313.23 were not met, minutes of the meeting could not be prepared, the notice to the plaintiff was a nullity and under other related sections of the law plaintiff is entitled to a continuing contract.

Upon reading R. C. 3313.23, we do not find that the Legislature has fixed any penalty in cases where a board does not appoint one of their number *pro tempore.*

There is no claim that there were any errors in the minutes. In fact, plaintiff urges that the board has no right to record any minutes under the circumstances. Plaintiff's claim is that only the regular clerk or one elected under R. C. 3313.23 has the authority to record the minutes.

If an injunction were granted under the circumstances, defendant board could never record and approve minutes or come within the ruling or philosophy of the Ohio Su-

preme Court as enunciated in *Village of Vinton* v. *James* 108 Ohio St. 220.

Plaintiff contends for a result that is exceedingly harsh and one which would thwart the announced intention of the school superintendent and school board.

We believe that under the prudent rule announced by the Supreme Court in *Village of Vinton* v. *James, supra,* the school board should have a reasonable opportunity to make a record of their meeting of April 13, 1970 so that this court and any other court having jurisdiction of the matter could determine just what action was taken. It might develop that the action of plaintiff was prematurely brought.

The gist of this action as it appears to us is as follows. What action was actually taken? How and by whom was such action taken? What is the truthfulness of the minutes? To put our stamp of approval on the contention of plaintiff would be to exalt form over substance. We as a court are interested in what action was taken and the truthfulness of the minutes and not particularly in the question of who transcribed the minutes.

Carrying plaintiff's contention to its logical conclusion, a board of education could never rectify an error in its minutes by later action if it failed to appoint a clerk from one of its number when the regular clerk was absent.

The gist of petitioner's argument is that he is asking this court to permit him to secure a continuing contract by default. The criterion for the award of a continuing contract to him would be the alleged failure of the regular clerk to be present at a stated meeting of the defendant board and the failure to elect a clerk pro tem from the membership of the board. Certainly the General Assembly never intended such to be the standard for the employment of a teacher on a continuing contract.

It is interesting to note that in the third assignment of error petitioner argues that the employment was terminated "without giving such teacher notice of the cause for termination on a hearing, nor an opportunity to cure his deficiencies, if any."

We believe that by the same virtue defendant board should be given an opportunity to exhibit to the courts of Ohio the minutes of the meeting pertaining to the teacher contract of plaintiff and that the wise and logical rule announced by the Supreme Court as stated in *Village of Vinton* v. *James,* 108 Ohio St. 220 be given effect and that the validity of a contract for employment not turn on the presence or absence of a particular person, such as the regular clerk, at a meeting of the board of education.

It is a generally recognized fact that most members of school boards are laymen and have not been trained in the law.

We believe that plaintiff is attempting to read something into R. C. 3313.23 that isn't there. The Legislature could have said that the failure of a board to appoint one of their number clerk *pro tempore* at a meeting where the regular clerk was absent, shall make any action taken by the board at such meeting a nullity. The Legislature did not say such a thing. Neither do we.

As a general rule, resort should be had to remedies provided by statute before other remedies are sought.

Where the statute prescribes a particular mode of review of an administrative action or decision, a litigant must, if aggrieved by the decision of the administrative agency, seek a judicial review in the manner prescribed and may not invoke the original jurisdiction of a court by an independent proceeding. Thus, an independent proceeding, such as an action for injunctive relief, is not permissible where an appeal from the action of an administrative agency is provided by statute as it is here. Plaintiff had a plain, adequate and complete remedy at law and has therefore suffered no irreparable injury. Accordingly, his petition has not stated a cause of action.

The law of Ohio as it pertains to this question has been enunciated by the Supreme Court in the following cases.

The syllabus of *Perkins* v. *Village of Quaker City,* 165 Ohio St. 120, establishes that an "injunction is an *extraordinary* remedy." (Emphasis added.)

At page 125 of the opinion, Judge Zimmerman said:

"The authorities are agreed that injunction is an extraordinary remedy equitable in nature, and that its issuance may not be demanded as a matter of strict right."

Justice O'Neill, now Chief Justice, speaking for the court in *State, ex rel. Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141, 153, said:

"The answer is simple. The right of appeal provided by Chapter 2506, Revised Code, is a plain and adequate remedy *in the ordinary course of the law,* while the injunctive relief provided in Section 2727.01 *et seq.* and the mandamus relief provided in Section 2731.01 *et seq.* are extraordinary remedies not in the ordinary course of the law."

Also, see the opinion of Justice Herbert in *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85.

In the present case, the point has been made that the majority of this court did not pass upon the third assignment of error. In the first draft of the opinion that was released, we stated: "Plaintiff has not shown that he is entitled to injunctive relief, hence it will be denied and the judgment of the trial court affirmed." In this draft of the opinion we state: For these reasons, plaintiff has not shown that he is entitled to injunctive relief, and has exhibited no prejudicial error among those assigned and argued. The judgment of the trial court is affirmed. We believe that thereby we have passed upon all of the assignments of error.

Our research has turned up the case of *Freeman* v. *The State of Ohio,* 131 Ohio St. 85, which we think is dispositive of this question herein presented. The court at pages 88 and 89 said:

"Counsel for plaintiff in error devotes three pages of his brief to a claimed error committed by the Court of Appeals in failing to write an opinion stating upon what principles of law the case was decided by the appellate court. While in many cases opinions may be desirable for the benefit of Bench and Bar, there is neither constitutional nor statutory provision requiring the appellate court to write an opinion. Where opinions of the lower

courts are available, this court has passed a rule requiring plaintiffs in error to submit the opinions of the lower courts with their briefs; but this does not mean that they are required to write opinions. Counsel for defendant relies entirely upon Section 12248 General Code. That section merely provides that errors assigned and pointed out by brief shall be considered by the appellate court; and that, in case of reversal and remand, the Court of Appeals shall state the error upon which the judgment of reversal was founded. This is done by journal entry. In any event, when the judgment of the trial court is affirmed, as in the present case, the last clause referred to cannot possibly apply.''

The Supreme Court cited G. C. 12248, *supra*. This section is now embodied in R. C. 2505.21.

It has also been suggested that an opinion should not and cannot be revised under the facts of this case. Let us see what an opinion is. An opinion does not constitute a judgment or order and forms no part of the record. It is not a paper in a case. The court speaks through its entries and not through its opinions.

This is a case of first impression in Ohio with regard to the applicability of Chapter 2506 to the particular facts of this case. We make a point of it because we believe that the provisions of R. C. Chapter 2506 are dispositive of the question involved herein.

For these reasons, plaintiff has not shown that he is entitled to injunctive relief and has exhibited no prejudicial error among those assigned and argued. The judgment of the trial court is affirmed.

*Judgment affirmed.*

ABELE, J., concurs.

STEPHENSON, J., concurring in part and dissenting in part.

I concur in the judgment of affirmance herein and in the majority opinion, in so far as it goes, except I must

respectfully dissent to the inclusion therein as a reason for the affirmance of the judgment that the plaintiff had an adequate remedy at law pursuant to R. C. Chapter 2506.

The majority opinion herein is an amended opinion and is not the majority opinion originally filed in this case. The original opinion, filed December 29, 1970, in which I concurred by separate opinion, did not set forth the ground in question. It did not because that issue was not raised in the trial court nor urged or argued in this court nor considered by this court in the rendition of the original opinion.

The record reveals that thereafter, on January 8, 1971, in response to the original opinion, an entry, in general form and without setting forth reasons, was filed for journalization affirming the judgment of the trial court. On January 14, 1971, a notice of appeal to the Ohio Supreme Court was filed stating, in essence, that a substantial constitutional question and a question of great general and public interest was presented in the appeal to that court.

Subsequent thereto, the original majority opinion was, *sua sponte*, amended by inclusion of the reason of the applicability of R. C. Chapter 2506. The judgment was not vacated and reentered. The term of court for Jackson County elasped prior to the filing of the amended opinion.

Aside from the question of lack of jurisdiction by expiration of the term, I am of the view that, even assuming authority to do so, an opinion should not be so amended.

The term "opinion" is universally defined as a statement of reasons delivered by a judge or court for the giving of the judgment in a case. See 29 Words and Phrases 589. The reasons for the judgment that was entered in this case had no reference to Chapter 2506 and, hence, the latter was not a "reason" for entry of the judgment.

In my view, intolerable confusion will result from a practice of amending opinions after judgment on new

and distinct grounds not argued or originally considered in the entry of the judgment. If an opinion may, with propriety, be amended as done here, at this late date, at what definitive point in the future may it not be amended? The uncertainity such a procedure could generate is obvious and particularly is this so in view of the decision of the Ohio Supreme Court in *Andrews* v. *Board of Liquor Control*, 164 Ohio St. 275, that when, as here, the judgment entry does not disclose the grounds upon which the judgment is founded, resort may be had to the opinion of the lower court to ascertain those grounds. See also *Pennington* v. *Dudley*, 10 Ohio St. 2d 90. Additionally, the injustice of such a procedure to a losing party is readily apparent. Inasmuch as the judgment is already entered, an application for reconsideration pursuant to R. C. 2505.271 and Rule VII of the Rules of the Courts of Appeals is precluded. Thus, as an end result of the procedure here adopted, the losing party is denied any opportunity to brief, argue, or otherwise present his views and authorities upon what the majority describes as a "dispositive" issue in the appeal.

I can only conclude that inclusion of the ground in question is improper and represents, at most, an afterthought of a ground that could have, but was not, utilized as a reason for the judgment.

I concur in the remainder of the opinion, except that I believe we should go further and specifically pass upon the third assignment of error. The appellant has entered, as his third assignment of error, the following:

"The Trial Court Erred In Finding That A Board of Education May Lawfully Terminate The Employment of A Teacher Eligible For A Continuing Contract On the Mere Recommendation of Its Superintendent Without Giving Such Teacher Notice Of The Cause For Termination On a Hearing, Nor An Opportunity To Cure His Deficiencies, If Any."

The argument of plaintiff in support of this assignment of error insofar as it is claimed the Ohio statutes require a notice with reasons for the termination of em-

ployment and the opportunity to refute the reason as to why a teacher's contract is not being renewed is without merit. The notice under R. C. 3319.11 to the teacher with reasons directed at professional improvement relates *solely* to the granting of two year limited contracts to a teacher otherwise eligible for a continuing contract.

The remaining argument of plaintiff urges that the due process clause of the United States Constitution requires that "a teacher receives [sic] a statement of the reasons why the Board of Education does not intend to retain him, notice of a hearing at which he may respond to the stated reasons, and a hearing if he appears at the appointed time and place."

Support for plaintiff's contentions can be found. *Roth* v. *Board of Regents of State Colleges* (W. D. Wis.), 310 F. Supp. 972; *Gouge* v. *Joint School District No. 1* (W. D. Wis.), 310 F. Supp. 984 and *Klein* v. *Joint School District No. 1* (W. D. Wis.), 310 F. Supp. 984. All of these authorities are the decisions of one judge, namely, James E. Doyle, of the federal district court of Wisconsin. From a review of authorities, it would appear Judge Doyle has adopted a minority view.

In *De Canio* v. *School Comm. of Boston* (Mass.), 260 N. E. 2d 676, the Supreme Judicial Court of Massachusetts summarized the cited authorities in the following manner at page 681:

"In *Roth* v. *Board of Regents of State Colleges,* 310 F. Supp. 972 (W. D. Wis.), and later in *Gouge* v. *Joint Sch. Dist. No. 1,* 310 F. Supp. 984 (W. D. Wis.), a United States District Court judge in Wisconsin held that under his interpretation of the holding of *Cafeteria & Restaurant Wkrs. Union, Local 473,* v. *McElroy,* 367 U. S. 886, 81 S. Ct. 1743, a public school teacher or college professor, whether or not on tenure, cannot constitutionally be dismissed without notification of the reasons for the impending dismissal and the offer of a hearing. The gravamen of the holding in the Roth case was that 'the decision not to retain a professor employed by a state university (or a teacher in a public elementary or secondary school as in the

*Gouge* case) may not rest on a basis wholly unsupported in fact, or on a basis wholly without reason,' 310 F. Supp. at p. 979, and that given the requirment of a reason, the professor or teacher must be afforded the opportunity to contest its basis *Id.* at P. 980.''

In rejecting the reasoning of these authorities the court stated in the next paragraph:

''Nor are we persuaded by the reasoning of the court in the *Roth* and *Gouge* cases. As the opinion in the *Roth* case recognized, 'it is reasonable that there be available a very wide spectrum of reasons, some subtle and difficult to articulate and to demonstrate, for deciding not to retain a newcomer or one who has not yet won sufficient respect from his colleagues.' 310 F. Supp. at pp. 978-979. Such reasons are not amenable to proof at a hearing or to review by the judiciary. We therefore choose to follow the greater weight of authority.''

In *Griffin* v. *Board of Trustees of St. Mary's College* (Md.), 265 A 2d 757, the Court of Appeals of Maryland in considering a claim of a college teacher that he was entitled to a statement of reasons why his contract was not being renewed stated the following:

''. . . Griffin concedes that he does not have tenure and that, absent the 'statement of policy,' the College had the right to elect not to renew his contract without a hearing and without giving him reasons therefor. His concession is in accord with the weight of authority. See *Williams* v. *School District of Springfield R-12,* 447 S. W. 2d 256, 270 (Mo. 1969); *Bonner* v. *Texas City Indep. School District,* 305 F. Supp. 600, 618 (S. D. Tex. 1969); and *Parker* v. *Board of Education,* 237 F. Supp. 222, 227 (D. Md. 1965), aff'd per curiam, 348 F. 2d 464 (4th Cir. 1965).''

In *Parker* v. *Board of Education of Prince George's County* (D. Md.), 237 F. Supp. 222, wherein the issue was raised as to the right to not renew the contract of a teacher who had not acquired tenure, the court states at page 227:

''Almost every case which has considered the question supports the view that unless there is a statute to the contrary, probationary teacher's contracts may be ter-

minated by the school authorities at the end of any contract year prior to the time tenure is gained, with or without cause and without a hearing."

Numerous cases are cited under footnote 5 in support of the above statement.

Under the Ohio statutory scheme of teacher employment, teachers are hired either under a limited contract for a specific number of years or a continuing contract whereby employment continues until retirement, suspension, or removal for cause. R. C. 3319.08. A board of education is not required to reemploy a teacher at the termination of a limited contract subject to statutory notices of nonreemployment.

The difficulty in applying a due process concept to a nonrenewal of a limited contract is ascertaining what "right" must be procedurally protected. Absent tenure, a teacher's rights are dependent upon his contract and, upon its expiration, he has no vested rights under Ohio law to be reemployed. The relationship between the teacher and the board is at an end. *Harrison* v. *Board of Education,* 60 Ohio App. 45, 13 O. O. 182. Hence, no legitimate purpose is served by a requirement of charges and a hearing.

Something might be said on plaintiff's behalf under due process as to the right to have specific charges made for nonrenewal of a contract and the opportunity for a refutation of these charges where the claim is raised (which it is not in this case) that the decision not to rehire was based on the prior exercise of fundamental constitutional rights such as the first amendment right to freedom of speech. See *Pickering* v. *Board of Education,* 391 U. S. 563; *Williams* v. *School District of Springfield* (Mo. Ct. App.), 447 S. W. 2d 256; *Williams* v. *Sumter School Dist. No. 2* (D. S. C.), 255 F. Supp. 397.

I am of the view that the statutes under which the board herein acted are constitutional and are not violative of due process. The Supreme Court of Michigan has only recently reached a similar conclusion. *Munro* v. *Elk Rapid Schools,* 383 Mich. 661, 178 N. W. 2d 450 (July 17, 1970). I would specifically overrule the third assignment of error.