32

HAUGHT ET AL., APPELLEES, *v.* CITY OF DAYTON ET AL., APPELLANTS.

(No. 72-598—Decided April 18, 1973.)

*Messrs. Skilken & Kidd* and *Mr. Ralph A. Skilken, Jr.*, for appellees.

*Mr. James W. Drake*, city attorney, *Mr. H. Donald Hawkins, Mr. Wm. Patrick McGuinn* and *Mr. James F. Bauhof*, for appellants.

*Per Curiam.* Although the Court of Common Pleas dismissed this cause "for the reason that there exists an adequate remedy at law," the record does not indicate the remedy to which that court was alluding. The Court of Appeals assumed that the remedy was an appeal from the amendment of Rule 24 by the Dayton Civil Service Board, under R. C. Chapter 2506, to the Common Pleas Court. On the other hand, appellants contended that the remedy referred to was an appeal of the allegedly wrongful layoffs, first to the Dayton Civil Service Board, as provided by the Dayton City Charter, and then, if unsuccessful to the Common Pleas Court pursuant to Chapter 2506.

R. C. 2506.01 provides, in part, that:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, de-

partment or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located. * * *'',

While we agree with the Court of Appeals that R. C. 2506.01 does not present a procedure by which an amendment of the civil service rules may be challenged (*Fortner* v. *Thomas* [1970], 22 Ohio St. 2d 13, 257 N. E. 2d 371; *Zangerle* v. *Evatt* [1942], 139 Ohio St. 563, 41 N. E. 2d 369), it may be utilized, under the facts at bar, to further the contest of an allegedly wrongful dismissal.

In *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, 153, 290 N. E. 2d 562, approving and following *Fortner, supra*, it was held that in order for the act of an administrative board to be appealable under R. C. 2506.01, such act must be the product of "quasi-judicial proceedings." "Quasi-judicial proceedings" were defined as those in which the function under consideration involves the exercise of discretion and requires notice, a hearing and the opportunity for the introduction of evidence.

In the instant case, the Charter of the city of Dayton prescribes that the Civil Service Board function in just such a manner. Section 101 provides for an appeal from a dismissal, reduction or suspension by certain appointing authorities, and commands the board to "define the manner, time and place by which such appeal shall be heard."

Section 104 empowers the board to subpoena the attendance of witnesses and the production of pertinent books or papers, and to administer oaths in investigations relative to such hearings. The charter further specifies that the decision of the board shall be final.

The proceeding outlined in the Dayton City Charter is clearly quasi-judicial and is what R. C. 2506.01 was enacted to supplement. See *State, ex rel. Steyer,* v. *Szabo* (1962), 174 Ohio St. 109, 186 N. E. 2d 839; *State, ex rel. Fagain,* v. *Stork* (1963), 174 Ohio St. 330, 189 N. E. 2d 69.

Accordingly, we agree with the trial court that these ten appellees had an adequate remedy at law and that the

prayer for a temporary and permanent injunction was properly denied.*

The judgment of the Court of Appeals is reversed and the order of the Common Pleas Court dismissing this cause is reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, STEPHENSON, STERN and W. BROWN, JJ., concur.

CELEBREZZE and P. BROWN, JJ., dissent.

STEPHENSON, J., of the Fourth Appellate District, sitting for CORRIGAN, J.

---

*Injunction is an extraordinary remedy, equitable in nature. *Perkins* v. *Quaker City* (1956), 165 Ohio St. 120, 133 N. E. 2d 595; *Crabtree* v. *Bd. of Education* (1970), 26 Ohio App. 2d 237, 270 N. E. 2d 668. An action in equity, seeking an extraordinary remedy, will not lie so long as there is an adequate remedy in the ordinary course of the law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, 228 N. E. 2d 631; *State, ex rel. Durek,* v. *Masheter* (1967), 9 Ohio St. 2d 76, 223 N. E. 2d 601; *Meeker* v. *Scudder* (1923), 108 Ohio St. 423, 140 N. E. 627; *State Board of Health* v. *Greenville* (1912), 86 Ohio St. 1, 42, 98 N. E. 1019; *Salem Iron Co.* v. *Hyland* (1906), 74 Ohio St. 160, 167, 77 N. E. 751; *Chapman* v. *Lee* (1887), 45 Ohio St. 356, 13 N. E. 736.