RIVERS, APPELLANT, *v.* QUIRK,
APPELLEE.

(No. 11540—Decided May 9, 1984.)

*Orval R. Hoover,* for appellant.
*Gerald Pursley,* law director, for appellee.

QUILLIN, J. Plaintiff-appellant, Randy Rivers, brings this appeal from the lower court's dismissal of his R.C. Chapter 2506 appeal. We affirm.

### Facts

Randy Rivers is a police officer employed by the city of Cuyahoga Falls. The Mayor of the city of Cuyahoga Falls as a disciplinary action ordered the forfeiture of sixteen hours of compensatory time accumulated by Rivers. Rivers filed two separate appeals from the mayor's order. The first appeal was filed with the civil service commission under R.C. 124.34. The second appeal was filed directly in the court of common pleas under R.C. 2506.01.

The R.C. 124.34 appeal was dismissed by the commission for lack of jurisdiction. Rivers appealed the dismissal to the court of common pleas where the case is still pending.

The R.C. Chapter 2506 appeal was dismissed by the court of common pleas on the ground that R.C. 124.34 provides the exclusive right of appeal for civil service employees. The appeal to this court concerns only the R.C. Chapter 2506 appeal.

### Assignment of Error

"The court below erred as a matter of law in finding that O.R.C. Section 124.34 is the exclusive route of appeal for an order taking away a city policeman's compensatory time and in finding therefore that a direct appeal does not lie to the court of common pleas via O.R.C. [Chapter] 2506."

### Discussion

R.C. 2506.01 states:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the common pleas court of the county in which the principal office of the political subdivision is located, as provided in sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal by law.

"* * *"

This statute contemplates appeals from quasi-judicial proceedings only. *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13, 51 O.O. 2d 35, 257 N.E. 2d 371. A quasi-judicial proceeding is one characterized by notice, hearing and the " 'opportunity to introduce testimony through witnesses.' " *M.J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, 153, 61 O.O. 2d 394, 396, 290 N.E. 2d 562, 565, citing *Zangerle* v. *Evatt* (1942), 139 Ohio St. 563, 571, 23 O.O. 52, 55, 41 N.E. 2d 369, 373.

Assuming, as conceded by appellee

in oral argument, that the disciplinary action taken against Rivers was the result of a quasi-judicial proceeding, the mayor's order would appear to fall within the language of R.C. 2506.01. We nevertheless find that R.C. 2506.01 does not provide an alternate and independent right of appeal to the court of common pleas from the mayor's disciplinary action.

R.C. 2506.01 is a general statute encompassing appeals from many different bodies. In contrast, R.C. 124.34 is a special statute which deals specifically with the appeal rights of civil service employees. R.C. 124.34 provides:

"The tenure of every officer or employee in the classified service of the state and the counties, civil service townships, cities, city health districts, general health districts, and city school districts thereof, holding a position under this chapter of the Revised Code, shall be during good behavior and efficient service and no such officer or employee shall be reduced in pay or position, suspended, or removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of such sections or the rules of the director of administrative services or the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance, or nonfeasance in office. * * *

"In any case of reduction, suspension of more than three working days, or removal, the appointing authority shall furnish such employee with a copy of the order of reduction, suspension, or removal, which order shall state the reasons therefor. Such order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate.

"Within ten days following the filing of such order, the employee may file an appeal, in writing, with the state personnel board of review or the commission. * * *

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code.

"In the case of the suspension for any period of time, or demotion, or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city or civil service township, the appointing authority shall furnish such chief or member of a department with a copy of the order of suspension, demotion, or removal, which order shall state the reasons therefor. Such order shall be filed with the municipal or civil service township civil service commission. Within ten days following the filing of such order such chief or member of a department may file an appeal, in writing, with the municipal or civil service township civil service commission. In the event such an appeal is filed, the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority. An appeal on questions of law and fact may be had from the decision of the municipal or civil service township civil service commission to the court of common pleas in the county in which such city or civil service township is situated. Such appeal shall be taken within thirty days from the finding of the commission."

In *Anderson* v. *Minter* (1972), 32 Ohio St. 2d 207, 61 O.O. 2d 447, 291

N.E. 2d 457, the Supreme Court ruled that a civil service employee who had no right to appeal a five-day suspension under R.C. 143.27 (now R.C. 124.34) could not contest the legality of that suspension by means of an action brought directly in the court of common pleas. The court held at 211, 61 O.O. 2d at 449, 291 N.E. 2d at 460:

"Although the General Assembly has provided, in effect, that even suspensions for five days or less should be made only for cause, its intention to vest final discretion as to the necessity of such short-term suspensions in the appointing authority, subject only to the provisions of R.C. 143.40 [R.C. 124.56] as to abuse of such power, is apparent from the legislative 'design' or 'scheme.' * * *" (Footnote omitted.)

R.C. 2506.01 does not create a cause of action where none otherwise exists. Under the legislative scheme, a civil service employee may appeal to the civil service commission or not at all.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, J., concurs.

BAIRD, P.J., dissents.

BAIRD, P.J., dissenting. The assumption that the administrative action in question took place in a quasi-judicial setting appears especially appropriate, since appellee at oral argument explicitly withdrew his contention that this was not a quasi-judicial proceeding, and requested a ruling on the very assumption that was made in the majority opinion.

It is suggested, however, that to make the assumption is to decide the case.

"* * * Nevertheless, there can be no question but that * * * § 2506.01 applies to the final orders, adjudications or decisions of *any and all* officers, tribunals,

authorities, board[s], bureaus, etc. *of any and all* political subdivisions of the state and local governments. So long as a quasi-judicial as opposed to either a purely legislative or purely administrative function is being performed, the common pleas court is authorized to hear the matter on appeal according to a statutorily defined procedure." (Emphasis *sic.*) Wolf & Robiner, Ohio Revised Code Chapter 2506 — Judicial Review of Administrative Rulings (1973), 22 Cleve. St. L. Rev. 229, 230.

The very first phrase of R.C. 2506.01 indicates the applicability of the appeal procedure to "[e]very final order." Moreover, the same section specifies that the appeal is "* * * in addition to any other remedy of appeal provided by law," a concept which is inconsistent both with the suggestion that R.C. Chapter 2506 creates no causes of action, and with the idea that the existence of an R.C. Chapter 2506 appeal is somehow dependent upon a right of appeal otherwise existing elsewhere.

The existence of a separate appeal procedure should not be a prerequisite to the appealability of any decision under R.C. Chapter 2506. Indeed, the Supreme Court of Ohio has held that a determination made pursuant to a municipal charter provision is appealable under R.C. Chapter 2506, even where the charter expressly provides that the decision appealed from shall be final:

"The proceeding outlined in the Dayton City Charter is clearly quasi-judicial and is what R.C. 2506.01 was enacted to supplement. * * *" *Haught* v. *Dayton* (1973), 34 Ohio St. 2d 32, 35, 63 O.O. 2d 49, 51, 295 N.E. 2d 404, 406.

The *Anderson* case, *supra,* relates to a direct action brought by an employee against the director of the department in which she was employed. The action was not an appeal, and it was filed long after the appeal time had expired. There is no suggestion that the suspension was

imposed in a quasi-judicial setting. A holding that an employee may not test the legality of such a suspension by such a direct action is not, in my opinion, dispositive of the question presently before this court.

Even if it were to be conceded that all suspensions somehow fall within the exclusive purview of R.C. 124.34, it does not follow that all disciplinary measures would be treated the same way as suspensions. The action before us, while admittedly disciplinary in nature, could hardly be considered as a suspension, since it involves neither interruption of service nor loss of compensation. If it is not a suspension, it falls neither within the language of the statute, nor the concept of its exclusiveness, as set forth in *Anderson, supra.*