[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 277.]

CLAGG ET AL., APPELLANTS, *v.* BAYCLIFFS CORPORATION ET AL., APPELLEES.

[Cite as *Clagg v. Baycliffs Corp*., 1998-Ohio-414.]

*Real property—R.C. Chapter 711 sets forth statutory framework for platting real property—R.C. 711.24 governs changes to a previously recorded plat— Implied easement in a private street may be unilaterally changed by an owner of land, when.*

An implied easement in a private street, created by reference to a subdivision plat depicting and dedicating the street to the lot owners of a subdivision, is statutorily limited so that an owner of land within the subdivision may unilaterally change the course of the street subject to the requirements set forth in R.C. 711.24.

(No. 97-831—Submitted March 25, 1998—Decided July 1, 1998.)

APPEAL from the Court of Appeals for Ottawa County, No. 96-OT-23.

————————————

{¶ 1} This appeal arises from a dispute between many of the current lot owners of Johnson's Island and appellee Baycliffs Corporation ("Baycliffs"), a company that is developing property on the interior of the island for residential use. The interior development area centers around an old quarry that Baycliffs intends to convert into a marina. In order to accomplish this, Baycliffs would be required to dig a channel from Lake Erie to the quarry. The channel cannot be created without severing Memorial Shoreway Drive ("Shoreway Drive"), a continuous private road that encircles the perimeter of the island. The section of roadway that would be removed to create the channel traverses land owned by Baycliffs. Before severing the existing Shoreway Drive, Baycliffs plans to reroute the road around the quarry so that a continuous road around the island would continue to be available. The proposed new route would be somewhat longer than the old one

(approximately 0.85 miles), as it would cut inland through the new development and around the quarry. The added length of Shoreway Drive would not adversely affect the availability or response time of emergency services to any residents of the island.

{¶ 2} A group of Johnson's Island residents, appellants herein, filed a class action suit in April 1994 against Baycliffs and its predecessor in interest, appellee Johnson's Island, Inc., requesting a declaratory judgment and a permanent injunction enjoining Baycliffs from severing Shoreway Drive. The certified class consists of those members of the Johnson's Island Property Association and the association itself who own property in the Bay-Haven Estates subdivision development on Johnson's Island.

{¶ 3} Memorial Shoreway Drive was dedicated to the lot owners, their heirs, and assigns in 1956, as indicated on the subdivision plat that was presented to lot purchasers. The class members claim that this dedication created an implied easement over the entire length of Shoreway Drive, and consequently they believe that Baycliffs should not be allowed to sever Shoreway Drive without their unanimous consent.

{¶ 4} R.C. 711.24, which was in effect prior to the dedication of Shoreway Drive to the lot owners, modifies the common law by setting forth procedures by which an owner of land within a subdivision plat may change the layout of "lots and the streets and alleys bounding them." R.C. 711.24. Such a change is allowed only if there is written consent from all the owners of any other lots bounded by the streets and alleys or in the plat itself who will be injuriously affected by the change.

{¶ 5} Baycliffs submitted a proposed plat change affecting a portion of Shoreway Drive that runs across Baycliffs' land. The Ottawa Regional Planning Commission ("ORPC") reviewed the plan pursuant to R.C. 711.24 and approved it on October 16, 1990, on the condition that one lot owner, determined to be injuriously affected by the proposed change, consent in writing. The ORPC also

required Baycliffs to complete construction of the rerouted road before any excavation of the boat channel could proceed, so that at all times, Shoreway Drive would run uninterrupted around the entire island.

{¶ 6} Some of the residents who are parties to this suit filed an appeal of the ORPC's decision, pursuant to R.C. Chapter 2506. The appeal was voluntarily dismissed three years later. Subsequently the class action members filed the instant action for declaratory judgment seeking a definition of their rights in Shoreway Drive, and requested a permanent injunction preventing Baycliffs from severing Shoreway Drive and altering its route.

{¶ 7} The trial court held that R.C. 711.24 governs the proposed change to Shoreway Drive. The court determined that the class members were required to exhaust their administrative remedies by appealing the ORPC's decision to approve the replat, and therefore granted summary judgment in favor of appellees. The court of appeals affirmed.

{¶ 8} The cause is now before this court pursuant to the allowance of a discretionary appeal.

————————————

*Connelly, Soutar & Jackson*, *Steven R. Smith* and *Janine T. Avila; Wilber & Wilber* and *George C. Wilber*, for appellants.

*Kelley, McCann & Livingstone*, *LLP*, *John D. Brown* and *Robert A. Brindza*, for appellees.

————————————

**MOYER, C.J.**

{¶ 9} The two issues presented in this appeal are (1) whether implied easement rights in a private street, established by reference to a subdivision plat depicting and dedicating the street, are subject to the replat procedures set forth in R.C. 711.24, which was in effect at the time the implied easement was created; and

(2) whether R.C. 711.24 applies when a previously platted private street is altered, even if no existing lots are changed.

{¶ 10} We hold that R.C. 711.24 applies to the replat of a private street even when no existing lots are changed, and that an implied easement, established by reference to a subdivision plat depicting and dedicating a private street to the lot owners of the subdivision, may be limited so long as the requirements of R.C. 711.24 are satisfied.

{¶ 11} There is no dispute that the 1956 subdivision plat of Johnson's Island created an implied easement in Shoreway Drive, a private road, for the benefit of the owners of all lots on Johnson's Island. The extent of the easement and the effect of R.C. 711.24 on the easement are disputed, however. The class members argue that the easement extends the full length of Shoreway Drive as depicted in the 1956 plat, and that R.C. 711.24 does not allow Baycliffs to unilaterally change the course of Shoreway Drive. Baycliffs contends that each lot owner's easement is limited to ingress to and egress from the owner's specific lot and that R.C. 711.24 governs the proposed replat.

{¶ 12} The extent of the easement does not affect the outcome of this case. The ingress and egress rights of all lot owners remain intact under the proposed change. Furthermore, even if the implied easement extends to the full length of Shoreway Drive, the ORPC found that the proposed change to Shoreway Drive did not injuriously affect the rights of the easement holders. Because the class members failed to appeal the ORPC decision, we will not pass upon the merits of that factual finding.

{¶ 13} Implied easements are disfavored in the law and should extend only so far as both parties clearly intended. See *Tiller v. Hinton* (1985), 19 Ohio St.3d 66, 69, 19 OBR 63, 66, 482 N.E.2d 946, 950. R.C. 711.24 was enacted prior to the 1956 plat and dedication of Shoreway Drive. Thus, the statute was in effect prior to the creation of the implied easement in question. As this implied easement is

4

based upon dedication language in a recorded subdivision plat, the court may infer that the creator of the original plat was or should have been aware of the statutes concerning plats and changes to plats and that the implied easement is therefore limited by the platting provisions. If the grantor of the implied easement had intended to protect the easement holders from the effect of the replat statute, the grantor could have done so by granting an express written easement defining the extent of the rights, by providing for joint ownership of the property over which Shoreway Drive runs, or by any other legal means of conveyance. The grantor did not do so. Therefore, the implied easements in Shoreway Drive, having no express terms, definitions, or duration, are limited by the application of the law in effect at the time they were created, including the provisions of R.C. 711.24.

{¶ 14} R.C. Chapter 711 sets forth the statutory framework for platting real property. R.C. 711.24 governs changes to a previously recorded plat, setting forth the requirements for changing lots, and the streets and alleys bounding the lots.

{¶ 15} We affirm the holding and reasoning of the court of appeals, which interprets R.C. 711.24 to allow changes to streets and alleys bounding lots even when no change to preexisting lots is being made. The court of appeals noted that although the word "and" is usually interpreted in the conjunctive, we are permitted to interpret it in the disjunctive "if the sense requires it." R.C. 1.02.

{¶ 16} Using this principle of statutory interpretation, we can and do read R.C. 711.24 to allow an owner to change "lots, [*or*] the streets [*or*] alleys bounding them." To read the word "and" strictly in the conjunctive in this case would, as the trial court points out, be a hypertechnical reading of the statute and would lead to the conclusion that R.C. 711.24 is applicable only when lots, streets, and alleys are all changed at once. Thus, R.C. 711.24 would govern changes to an existing lot only if a change to the bounding streets occurred as well, and then only if a change to alleys also occurred. Clearly, not all lots will be bounded by both streets and alleys, and some lots may be changed without altering any streets or alleys in the

process. We do not agree that such a hypertechnical reading of R.C. 711.24 is required or that it would support the General Assembly's intentions in enacting this statute.

{¶ 17} Baycliffs' proposed replat divides its property into lots and changes a portion of Shoreway Drive, which is a street that bounds lots. Therefore, R.C. 711.24 applies to this proposed change.

{¶ 18} Contrary to appellants' assertions that the application of R.C. 711.24 to limit their easement rights constitutes a denial of their constitutional rights to due process, we find no such constitutional violation. R.C. 711.24 does not leave appellants unprotected. In fact, the statute specifically protects the rights of lot owners affected by a proposed replat. The statute requires that Baycliffs obtain written consent from all the owners of lots bounded by Shoreway Drive whose rights will be injuriously affected by the proposed change. This includes any injury to easement rights. The ORPC is the appropriate governing body to determine whether a proposed change satisfies the requirements of the statute and whether any owners will be injuriously affected by the change.

{¶ 19} In this case, the ORPC determined that appellants were not injuriously affected by the proposed change to Shoreway Drive. The ORPC's finding in this regard could have been appealed pursuant to R.C. 2506.01. In fact, some members of the class did file an appeal from the ORPC decision. However, that appeal was voluntarily dismissed and was never refiled.

{¶ 20} When, as in this case, the affirmative defense of failure to exhaust administrative remedies is applicable and has been timely raised and maintained, a court will deny declaratory and injunctive relief. See, *e.g.*, *Haught v. Dayton* (1973), 34 Ohio St.2d 32, 35-36, 63 O.O.2d 49, 51, 295 N.E.2d 404, 406. Thus, the court of appeals and the trial court did not err in denying injunctive relief to appellants because they failed to avail themselves of their legal remedies through the appeal provisions of R.C. 2506.01.

{¶ 21} We hold that an implied easement in a private street, created by reference to a subdivision plat depicting and dedicating the street to the lot owners of a subdivision, is statutorily limited so that an owner of land within the subdivision may unilaterally change the course of the street subject to the requirements set forth in R.C. 711.24. Because R.C. 711.24 limits the easement rights of appellants and because appellants failed to exhaust their administrative remedies, we affirm the judgment of the court of appeals denying declaratory and injunctive relief.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____