Matthias, J.
 

 Counsel for the respondent contend that necessary retrenchment in expenditure of public funds is a justifiable ground for laying off an officer or employee in the classified service of a municipality, -and therefore the disclosure in the petition that the layoff complained of was for reasons of economy •renders the petition vulnerable to a demurrer on the .-ground that the facts stated therein are insufficient to constitute a cause of action.
 

 Counsel for the relator contend that the position held by the relator, having been established by an -ordinance of the city of Cleveland pursuant to and in accordance with the provisions of the city charter, -cannot be abolished by the respondent and that the -order laying off the incumbent of such position is in effect an attempt to abolish the position and is like•wise invalid.
 

 
 *324
 
 It is fundamental that a demurrer to a petition admits only the facts pleaded therein and does not concede the correctness of legal conclusions. Hence we must disregard as conclusions the language employed to characterize the acts complained of and consider only the facts alleged which are relied upon as constituting the basis of the relator’s complaint.
 

 The petition itself .shows that it was only “for reasons of economy” that the relator was “laid off as commissioner of the division of public auditorium and stadium.” There are no averments in the petition impugning the motive of the respondent or challenging the truth or accuracy of the statement of the respondent that the layoff is for the purpose of economy, no charge of subterfuge and no assertion of discrimination, and no allegation that the order complained of was actuated by any motive or based upon any reason or for any purpose other than that specified. In the absence of any such allegation, the truth and accuracy of the statement as to the object and purpose of the order must be assumed.
 

 We look in vain for any averments in the petition which would warrant'the conclusion therein stated that the 'position held by the relator is being abolished or that such result is contemplated by the respondent. No action or statement of the respondent is alleged which indicates any intention, purpose or desire of the respondent to abolish or discontinue the position or to discharge or remove the incumbent, or in any manner deprive the incumbent of title to the position or the right of reinstatement to active duty therein in preference to all other persons. The relator, being an employee in the classified service, is, as a matter of course, entitled to the benefit afforded by all provisions of law and of civil service rules and regulations adopted pursuant thereto and to the full and complete
 
 *325
 
 protection thus provided for those in the classified service.
 

 As pointed out in the case of
 
 Curtis, Safety Dir.,
 
 v.
 
 State, ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522, the fundamental purpose of those laws and rules is to ■safeguard appointees against unjust charges of misconduct or inefficiency and from being unjustly discriminated against for religious or political reasons •or affiliations. In that case, as in the instant case, no charges were made involving misconduct, inefficiency •or any other delinquency which is the basis of an order for discharge or removal as provided in Section 486-17a, General Code. The position involved in the
 
 Curtis case
 
 was one created by ordinance of the city, just as is the position under consideration in this •case. In neither instance was the position abolished •or the incumbent discharged.
 

 Under the provisions of the charter of the city of ■Cleveland, the commissioner in charge óf a division (a position held by relator) “shall be appointed, and may he removed, by the director of the department in 'conformity with the civil service provisions of this charter” and, under the provisions of ordinance section 159, such commissioner is subject to the supervision and direction of the director of public properties.
 

 This court specifically held in the
 
 Curtis case
 
 that the statutory provisions governing the procedure with reference to removal of civil service employees from •office on the grounds set forth in Section 486-17a, "General Code, have no application whatever in a situation where the employee is laid off solely by reason -of the necessities of economy.
 

 The principles therein declared and which are applicable in this case are supported by the decisions of ■courts of last resort in numerous other jurisdictions ■with statutory provisions governing civil service simi
 
 *326
 
 lar to our own, some of which decisions are cited in the opinion in the
 
 Curtis case.
 

 Many additional decisions are cited in 111 A. L. R., 438, and also in McQuillin on Municipal Corporations (2 Ed.), 445, Section 581, which are quite uniform in holding that the power to suspend or lay off public officials or employees for reasons of economy is not to be denied notwithstanding statutory or charter provisions to the effect that no employee in the classified service shall be removed except for cause and requiring a statement of reasons for suspension and affording opportunity for explanation and hearing, the view held by all being that such statutory or charter provisions refer to matters of personal conduct of the employee and are not intended to restrict the public authorities in their efforts to effect necessary or desirable economies.
 

 This is an action in mandamus, and it is well settled that such writ will not be granted except where it is made to appear that a clear legal right thereto exists. It is a writ to compel the performance of a duty specially enjoined by law. It cannot be assumed that an officer has acted in violation of his duty or contrary to law and he is not called upon to defend his action in the absence of averments of fact which, if true, constitute illegal official conduct.
 

 The demurrer is therefore sustained, and the relator having stated that he does not desire to plead further, a writ of mandamus is denied.
 

 Demurrer sustained and writ denied.
 

 Weygandt, C. J., Hart, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.