IN RE APPEAL OF SMITH.

[Cite as In re Appeal of Smith, 1 Ohio App. 2d 214.]

(No. 7790—Decided February 3, 1965.)

*Mr. John A. Brown,* for appellant Grady T. Smith.
*Mr. William B. Saxbe,* attorney general, and *Mr. John M. Walsh,* for appellee.

TROOP, J. This appeal is from a judgment of the Court of Common Pleas of Franklin County affirming a decision of the State Personnel Board of Review which in turn had affirmed a layoff of Grady T. Smith by the Department of Liquor Control as a 7701 Liquor Control Investigator I, Enforcement Division.

The essential facts are agreed. Grady T. Smith was hired as an Investigator I on December 10, 1959, and was laid off, for "reasons of economy," February 1, 1963. He was a provisional employee having taken only a noncompetitive examination. At the time of his dismissal he was still a provisional employee, there being no "eligible list" resulting from a competitive examination. It appears that no opportunity to take a competitive examination had been afforded Smith in his approximately three and one-half years of service. A new provisional employee was hired as an Investigator I on June 14, 1963, and, subsequently, six additional employees were hired in the same capacity.

A single question is submitted to this court for decision, and that is whether a provisional appointee under the classified serv-

ice of the state of Ohio enjoys any right of reinstatement when he has been laid off "for reasons of economy."

The position of the provisional employee under the civil service system of the state is somewhat anomalous. In many respects he is a full-fledged member of the classified service and yet in other respects even the statutes appear to distinguish him. The definitions section, Section 143.01 (C), Revised Code, which reads as follows, " 'Classified service' signifies the competitive classified civil service of the state, the several counties, cities, city health districts and city school districts thereof," suggests that the classified service includes only those who hold office by virtue of a competitive examination. A slightly different tone appears in Section 143.08 (B), Revised Code, as follows:

"The classified service shall comprise all persons in the employ of the state * * * not specifically included in the unclassified service, to be designated as the competitive class and the unskilled labor class."

Any cloud appearing over the provisional employee as a result of these two definitions was dispersed by the Supreme Court in the case of *State, ex rel. Slovensky,* v. *Taylor, Dir.* (1939), 135 Ohio St. 601. The language of the court is as follows:

"Upon examination of the pertinent statutes of Ohio relating to civil service, a majority of the court is of the opinion that one receiving a provisional appointment under Section 486-14, General Code, in the absence of an eligible list, becomes an appointee in the classified service within the contemplation of Section 486-8 (*b*), General Code, * * *."

(Section 486-14, General Code, is now Section 143.23, Revised Code, and Section 486-8 (b), General Code, is now incorporated in Section 143.08, Revised Code.)

A provisional appointment is possible and proper under Section 143.23, Revised Code, and the same section provides something of tenure and sets a terminal point in language as follows:

"(A) * * * and if such nominee certified by the director as qualified after such noncompetitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination; but such provisional appointment shall continue in force only until

a regular appointment can be made from eligible lists prepared by the director * * *."

The provisional employee likewise receives some protection from the provisions contained in Section 143.27, Revised Code, since he belongs to classified service. The applicable language is as follows:

"The tenure of every officer or employee in the classified service of the state * * * shall be during good behavior and efficient service * * *."

Whatever protections are afforded the provisional employee by the foregoing statutes, the decision in *State, ex rel. Slovensky,* v. *Taylor, Dir.* (1939), 135 Ohio St. 601, makes clear the ways by which such appointment is terminated. Speaking of the provisional employee, the language of the court is as follows:

"* * * [he is] entitled to retain his position during good behavior and efficient service, until the establishment of an eligible list, or until his services are terminated by arriving at the mandatory retirement age, or until the abolishment of the position, or a lay-off."

Emphasizing that the provisional appointee may not be dismissed for frivolous reasons, the court, in *State, ex rel. Barborak,* v. *Hunston* (1962), 173 Ohio St. 295, at page 301, speaks as follows:

"A civil service employee of a county who is appointed after taking a noncompetitive examination and after being certified by the Director of State Personnel attains the status of provisional civil service appointee, and such appointee may not be removed except for cause or until a competitive examination for his position is held."

At page 300, the court quotes from the decision in *State, ex rel. Slovensky,* v. *Taylor, Dir.* (1939), 135 Ohio St. 601, and then adds:

"It follows that relators could not be dismissed summarily without cause, and that such dismissals were void. * * *"

Judge O'Neill emphasizes the importance of these broad protections afforded the provisional worker in his separate opinion in the *Hunston case.* He opposes the majority opinion, approving the use of "Form 45, Revised," as a noncompetitive examination, the use of which, he says, at page 307, "permits

the practitioners of the spoils system to give to the beneficiaries under the spoils system the protective cloak of civil service tenure without the necessity of having their qualifications tested by an examination as required by law.''

Specifically, what of the right to reinstatement of a provisional employee following a layoff, the problem with which we are confronted in the instant case? That such a person may be reinstated is perfectly clear from the language of the second paragraph of Section 143.25, Revised Code, dealing with transfers and reinstatements under the classified service. It reads as follows:

''Any person holding an office or position under the classified service who has been separated from the service without delinquency or misconduct on his part may, with the consent of the director, be reinstated within one year from the date of such separation to a vacancy in the same or similar office or position in the same department * * *.''

That provision includes those appointed by the noncompetitive examination as well as the competitive process permitting reinstatement under the director when need arises.

There was no eligible list developed by competitive examination in our case, but under the third paragraph of the same section (143.25) it would not be impossible to establish such a list made up of those made unemployed through no fault of their own and because of economy measures. Such section provides for an eligible list to be maintained for one year but does not require that the list contain only the names of those who have taken a competitive examination. It reads as follows:

''Whenever any permanent office or position in the classified service is abolished or made unnecessary, the person holding such office or position shall be placed by the director at the head of an appropriate eligible list, and for a period of not to exceed one year shall be certified to an appointing officer as in the case of original appointments.''

The case of *State, ex rel. Buckman,* v. *Munson, Dir.* (1943), 141 Ohio St. 319, to which the Attorney General calls attention, is authority for the proposition that appointing authorities may lay off civil service employees to effect necessary and desirable economies in government. The effort, however, must in fact be bona fide in order not to be restricted.

In *Buckman* we have the case of a provisional employee of the city of Cleveland, appointed October 23, 1941, and laid off for reasons of economy on or about January 27, 1943. He attempted to secure reinstatement to his position by way of a petition in mandamus. The petition was attacked by demurrer. In commenting upon the petition of the relator, the court, through Matthias, J., speaks, at page 324, as follows:

"We look in vain for any averments in the petition which would warrant the conclusion therein stated that the position held by the relator is being abolished or that such result is contemplated by the respondent. No action or statement of the respondent is alleged which indicates any intention, purpose or desire of the respondent to abolish or discontinue the position or to discharge or remove the incumbent, *or in any manner deprive the incumbent of title to the position or the right of reinstatement to active duty therein in preference to all other persons.* The relator, being an employee in the classified service, is, as a matter of course, entitled to the benefit afforded by all provisions of law and of civil service rules and regulations adopted pursuant thereto and to the full and complete protection thus provided for those in the classified service." (Emphasis added.)

It is noted that the writ of mandamus was denied by the sustaining of the demurrer, but only because the respondent had not indicated:

(1) a purpose or desire to abolish or discontinue the position, or

(2) to discharge or remove the incumbent, or

(3) in any manner deprive the incumbent of title to the position or the right of reinstatement in preference to all other persons.

This summary of the position of one *laid off* for *reasons of economy* clearly indicates that the one laid off continues to hold title to the position which carries with it the right to reinstatement in preference to all other persons, except one chosen from an eligible list created following a competitive examination.

Legislative enactment provides protection for the provisional appointee. Such decisions as are available indicate that our courts lean strongly toward surrounding the classified

public servant with defenses of his position against the inroads of the spoils system.

It is, therefore, our conclusion that Grady T. Smith, provisional appointee in the classified service of the state of Ohio, was entitled to reinstatement to the position from which he suffered a layoff for reasons of economy, and in the preference to any other person, except one selected from an eligible list after competitive examination and subsequently appointed to the same position as provided in Section 143.25, Revised Code, and by reason of the decision in *State, ex rel. Buckman,* v. *Munson, Dir.* (1943), 141 Ohio St. 319.

The judgment of the Court of Common Pleas affirming the decision of the State Personnel Board of Review is reversed, and the cause is remanded for further proceedings according to law and this decision.

*Judgment reversed.*

DUFFY, P. J., and DUFFEY, J., concur.