GANNON ET. AL., APPELLEES AND CROSS-APPELLANTS, *v.*
PERK ET AL., APPELLANTS AND CROSS-APPELLEES.
CLEVELAND POLICE PATROLMEN'S ASSOCIATION ET AL.,
APPELLEES, *v.* CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as Gannon v. Perk (1976), 46 Ohio St. 2d 301.]

(Nos. 75-247 and 75-248—Decided June 2, 1976.)

302

306

Mr. *Thomas J. Friel*, for appellees and cross-appellants Gannon and the International Association of Firefighters, Local 93.

Mr. *James B. Davis*, director of law, and Mr. *Malcolm C. Douglas*, for appellants (case No. 75-248) and cross-appellees (case No. 75-247).

Messrs. *Climaco, Goldberg & Boukalik*, Mr. *John R. Climaco* and Mr. *Paul S. Lefkowitz*, for appellee Fraternal Order of Police, Lodge No. 8.

Mr. *James L. Oakar*, for appellee Cleveland Police Patrolmen's Association.

*Per Curiam.* The various parties have presented numerous assignments of error in the prosecution of the instant appeal and cross-appeal. The propositions of law asserted to support the assignments of error so alleged will be discussed *gradatim* in the context of this opinion.

### I.

Appellants maintain that the Court of Appeals erred in holding that an action in declaratory judgment seeking a declaration regarding the legality of layoffs of policemen and firemen by the city of Cleveland may be instituted notwithstanding the availability of an alternative remedy by way of appeal to the civil service commission[1] and to the courts.[2] R. C. 2721.02, Civ. R. 57 and numerous prior decisions of this court dictate rejection of appellant's assertion.

[1] Section 121 of the Charter of the city of Cleveland.
[2] R. C. Chapter 2506.

R. C. 2721.02 provides:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree."

Civ. R. 57 provides, in pertinent part:

"The procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.* * *"

In *Schaefer* v. *First National Bank of Findlay* (1938), 134 Ohio St. 511, the court, in paragraphs three and four of the syllabus, stated:

"An action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost.

"While a granting of a declaratory judgment is within the sound discretion of the court, the jurisdiction to grant such a judgment is not limited by the terms of the statutes to those cases in which no remedy is available either at law or in equity."

See, also, *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128; *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263; *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93; *American Life & Accident Ins. Co.* v. *Jones* (1949), 152 Ohio St. 287; and *Radaszewski* v. *Keating* (1943), 141 Ohio St. 489.

The present cause seeks a declaration as to the legality of the layoffs of policemen and firemen by the mayor of the

city of Cleveland. Stated another way, in the instant cause appellees contest the power of the mayor to effect the contested layoffs.

It is apparent that the cause is within both the letter and spirit of R. C. 2721.02, for the complaint seeks a declaration as to the rights of both parties regarding the matter at issue.

Secondly, it is undisputed that a real controversy exists between the parties herein which is justiciable in character.

Thirdly, since the layoffs were announced on November 21, 1974, and were to become effective on January 1, 1975, it need hardly be stated that "speedy relief is [was] necessary to the preservation of rights which may be otherwise impaired or lost." *Schaefer* v. *First National Bank of Findlay, supra; American Life & Accident Ins. Co.* v. *Jones, supra.*

Appellants maintain, however, that the decision in *Haught* v. *Dayton* (1973), 34 Ohio St. 2d 32, compels reversal herein. In *Haught*, firefighters of the city of Dayton filed a complaint in the Court of Common Pleas of Montgomery County, seeking an *injunction* restraining the city from laying-off or removing them from employment. The Court of Common Pleas dismissed the cause " 'for the reason that there exists an adequate remedy at law.' " The "adequate remedy at law" referred to by the Court of Common Pleas was afforded by Section 101 of the Charter of the city of Dayton. Section 101 provided an employee a right of appeal to the Dayton Civil Service Board from a dismissal, reduction or suspension by certain appointing authorities.

In affirming the trial court's dismissal of the action, this court, at pages 35-36, stated "that the prayer for a temporary and permanent injunction was properly denied." In an accompanying footnote, this court emphasized that injunction is an extraordinary remedy, equitable in nature, which will not lie so long as there is an adequate remedy in the ordinary course of the law. *State, ex rel.*

*Pressley*, v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141.

Comparison of *Haught* with the cause at bar reveals its inapplicability herein. *Haught* was an equitable action seeking a remedy by way of injunction; the instant cause is an action in declaratory judgment seeking a remedy afforded in the ordinary course of the law. See *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265, and *Sessions* v. *Skelton* (1955), 163 Ohio St. 409.

In *Sessions* v. *Skelton, supra,* the court, in paragraph three of the syllabus, stated:

"An action for a declaratory judgment is *sui generis* in the sense that it is neither one strictly in equity nor one strictly at law; it is purely a procedural remedy wherein the court having jurisdiction may apply such principles of equity or of law as may be necessary to adjudicate the issues presented."

An action in declaratory judgment is not purely equitable in nature, as is an action in injunction. On the contrary, a declaratory judgment action traverses both equity and law, and the principles of law pertinent to purely equitable actions should not always be applied with equal force to declaratory judgment actions. Otherwise, the intent and purpose of the General Assembly in enacting the Declaratory Judgment Act would be subverted. Accordingly, the decision in *Haught* is not controlling herein.

Appellants contend further that before an action in declaratory judgment may be maintained, all available administrative remedies must be exhausted. Although such contention is distinct from the assertion that a declaratory judgment action does not lie where an alternative remedy is available, the parties apparently treated the issues together in their respective briefs, and we shall respond accordingly.

In *Driscoll* v. *Austintown Associates, supra* (42 Ohio St. 2d 263), the court, at page 276, stated:

"Failure to exhaust administrative remedies is not a jurisdictional defect, and such a failure will not justify a collateral attack on an otherwise valid and final judgment.

Failure to exhaust administrative remedies is an affirmative defense which must be timely asserted in an action or it is waived. Civ. R. 8(C) and 12(H)."

The record before this court does not disclose timely assertion by the appellants of the affirmative defense of failure to exhaust administrative remedies. Therefore, pursuant to *Driscoll,* that defense is no longer available to appellants.

Finally, appellants contend that the instant cause should not be considered an action in declaratory judgment, as the central purpose of the action is to secure injunctive relief. We disagree. R. C. 2721.09 clearly provides that "[w]henever necessary or proper, further relief based on a declaratory judgment or decree previously granted may be given. * * *" Moreover, in *Herrick* v. *Kosydar, supra* (44 Ohio St. 2d 128), the court, at page 131, stated:

"* * * Whether an injunction is available is a question of proper relief, and does not affect the court's jurisdiction. 'Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * *' R. C. 2721.02.''

Upon the foregoing review of authorities, we conclude that the instant cause presents a real and justiciable controversy capable of resolution by way of an action in declaratory judgment.

## II.

Appellants, in their first proposition of law, contend that both the Court of Common Pleas and the Court of Appeals erred in adjudicating the question of the legality of the temporary employees' employment in the absence of such affected employees as parties to the proceedings. Appellants maintain that the failure to join the temporary employees as parties to the action constitutes a jurisdictional defect which may not be waived. For the reasons which follow, we agree, and reverse the Court of Appeals on this point.

R. C. 2721.12 provides, in pertinent part:

"When declaratory relief is sought, all persons shall be

made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding. * * *''

In *Cincinnati* v. *Whitman* (1975), 44 Ohio St. 2d 58, the court, in paragraph one of the syllabus, stated:

"The absence of a necessary party constitutes a jurisdictional defect which precludes a Court of Common Pleas from properly rendering a declaratory judgment. (*Zanesville* v. *Zanesville Canal & Mfg. Co.*, 159 Ohio St. 203, followed.)''

In the context of the instant cause, the issue becomes whether the temporary employees were "necessary parties" such as to preclude issuance of a declaratory judgment affecting them.

Appellees seek a declaration that the temporary employees on the payroll of the city of Cleveland for more than 90 days but less than two years without qualifying, through competitive examination, for civil service classification are being paid in contravention of the charter of the city. It is obvious that any such declaration would adversely affect the interest of the temporary employees involved in keeping their jobs. The interest of the temporary employees in the instant litigation is thus readily apparent. Equally apparent is the prejudice which has ensued to these temporary employees in their absence as parties to the instant action. All such temporary employees were effectively "laid-off" by order of the Court of Common Pleas.

Appellees contend, however, that (1) persons who are on the payroll of the city of Cleveland in obvious violation of the city charter cannot claim to have a legal interest in litigation, the object of which is to declare further payments to such persons illegal; and (2) the law department of the city adequately protected the interests of the temporary employees in the lower courts.

With respect to appellees' first contention, whether the temporary employees were employed and compensated in violation of the Charter of the city of Cleveland is a legal

question, resolution of which does not precede institution of an appropriate action. Accordingly, appellees' position in this regard is totally without merit.

With regard to appellees' second assertion, it is apparent that counsel for the appellant did not represent the interests of the temporary employees either primarily or vicariously. Cf. *Babin* v. *Ashland* (1953), 160 Ohio St. 328. Rather, counsel for the appellant sought only to protect the interest of the city of Cleveland in maintaining an effective flow of governmental functions and services.

- We hold, therefore, that the temporary employees were interested and necessary parties to the proceeding, and the failure to so join them as parties deprived the court of jurisdiction to render an enforceable declaratory judgment affecting their interests.[3]

## III.

Appellees, in effect, contend, in their cross-appeal, that the Court of Appeals erred in determining that the mayor of the city of Cleveland possessed the authority to lay off municipal employees, including policemen and firemen, for reasons of economy. We disagree, and affirm the judgment of the Court of Appeals in this regard.

In *State, ex rel. Buckman,* v. *Munson* (1943), 141 Ohio St. 319, 326, the court concluded that public employees may be laid-off for reasons of economy "notwithstanding statutory or charter provisions to the effect that no employee in the classified service shall be removed except for cause * * *,

---

[3]Because we reverse the judgment of the Court of Appeals with regard to the ouster of the temporary employees from their jobs, we need not decide the other issues presented by the various parties concerning the temporary employees. These other issues include (1) whether the courts of this state must consider the requirements imposed upon municipal corporations by the Civil Rights Act of 1964, Section 2000a, Title 42, U. S. Code, and by the Fourteenth Amendment to the Constitution of the United States; (2) whether R. C. 124.271 is applicable to all cities, including those which have adopted a charter; and (3) whether employment of the temporary employees in the circumstances of this case violated the provisions of the Charter of the city of Cleveland.

the view * * * being that such statutory or charter provisions * * * are not intended to restrict the public authorities in their efforts to effect necessary or desirable economies.''

The reasoning of the court in *Munson* applies as well to the cause at bar. Lack of funds induced when projected income falls below anticipated expenses is a legitimate basis for laying off civil service employees, including safety personnel, so long as such layoffs are made in conformity with law. In the instant case, then, the issue becomes whether the layoff of policemen and firemen was made in conformity with the ordinances, charter provisions, and civil service rules of the city of Cleveland.

The charter and ordinances of the city do not establish a mandatory priority for layoffs of municipal employees due to reasons of economy. Therefore, the power to lay off municipal employees must repose within the sound discretion of the mayor of the city, as its chief executive officer, to be exercised in accordance with law.

Appellees argue, however, that Sections 116 and 118 of the Charter of the city of Cleveland confer upon police and fire personnel, respectively, a special status immunizing them from layoff for economic reasons. Those sections provide that the police and fire forces of Cleveland ''shall consist of a chief and such other officers, patrolmen [firemen] and employees as may be provided by ordinance or resolution of the council.'' Nowhere in those sections, or for that matter, in any other section of the charter, except in Section 127, is the subject of layoff mentioned. Section 127 provides, in pertinent part, that:

''[t]he civil service commission shall make * * * rules for the * * * lay-off * * * of city officials and employees in the classified service. * * *'' However, no such ''rules'' have been promulgated. Therefore, that section of the charter does not support appellees' position.

Accordingly, we hold that the Charter of the city of Cleveland does not confer upon its safety forces a preferred priority over other civil service employees in the event layoffs are necessitated by reasons of economy. The record in

the instant cause clearly reveals that the layoffs at issue herein were necessitated due to lack of funds. Appellees have not shown that such layoffs were so excessive as to jeopardize the health, safety and welfare of the city and its inhabitants. Therefore, the judgment of the Court of Appeals with regard to the issue of the legality of the layoffs of safety forces in the city of Cleveland is affirmed.

## IV.

The final contention of appellees in their cross-appeal is that the Court of Appeals did not have jurisdiction to consider the instant cause, in that Civ. R. 54(B) precludes an appeal until all claims for relief have been determined by the Court of Common Pleas, and all claims were not so determined in the trial court.

The basis of this contention is that in its December 31, 1974, rulings, the Court of Common Pleas did not determine appellees' prayer for a declaration "[t]hat no firefighter can be laid-off until the temporarily employed workers, illegally on the payroll, are removed from the city payroll by the city of Cleveland * * *."

On January 24, 1975, the trial judge, at the request of the plaintiffs-appellees, entered another order attempting to redefine his prior ruling enjoining the layoff of police and fire personnel, and claimed that he had withheld ruling earlier upon the claim that no policemen or firemen could be laid-off until all temporary employees had been ousted from the payroll or qualified by examination.

Civ. R. 54(B) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the

claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

This court concludes that the instant cause does not fall within the parameters of Civ. R. 54(B). Although the complaint filed herein consists of several issues, basically, only one claim for relief was presented. The various issues urged in support of the claim for relief were merged into the December 31, 1974, judgments of the trial court. Moreover, the three separate opinions issued by the trial court on December 31, 1974, contained no cross-reference to each other, and indeed, were confusing in that regard.

Accordingly, we hold that the December 31, 1974, judgments of the Court of Common Pleas were final for purposes of appeal, and, therefore, the order of the trial court dated January 24, 1975, was void for lack of jurisdiction, jurisdiction having already been conferred upon the Court of Appeals by virtue of the filing of the notices of appeal therein.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed in part and reversed in part, consistent with the opinion herein.

*Judgment affirmed in part and reversed in part.*

O'NEILL, C. J., HERBERT, COLE, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

COLE, J., of the Third Appellate District, sitting for CORRIGAN, J.