BILLIS, APPELLANT, *v.* CITY OF TOLEDO ET AL., APPELLEES.

[Cite as Billis v. Toledo (1977), 63 Ohio App. 2d 188.]

(No. L-77-229—Decided December 23, 1977.)

*Messrs. Britz & Zemmelman* and *Mr. Charles A. Stupsker,* for appellant.

*Mr. Robert G. Young,* for appellees.

POTTER, P. J.   The plaintiff filed for a declaratory judgment, a temporary restraining order, and a preliminary injunction in the Common Pleas Court of Lucas County on September 8, 1977, to prevent the Toledo Civil Service Commission from requiring him to submit to a mental examination. The trial court ruled against the plaintiff on both counts of his complaint on September 28, 1977. From that judgment the plaintiff appeals.

On or about January 19, 1977, written charges were filed against the plaintiff, a Toledo police officer, by the Chief of Police of Toledo. According to the defendants' brief, the plaintiff violated a police regulation, General Order Number 199, which reads:

"No member of the Toledo Police Division shall discharge his firearm in any felony case which involves no actual or threatened attack which the officer has reasonable cause to believe will result in death or serious bodily injury."

After a disciplinary hearing on February 8, 1977, the plaintiff was suspended for 3 days. The Safety Director concurred with the finding of the police chief. The plaintiff appealed to the Civil Service Commission on the issue that General Order Number 199 was not reasonable and did not promote good police practice. The commission found against the plaintiff and ordered him to submit to a psychological examination pursuant to Civil Service Commission Rule 70.03, which states:

"The Commission or Appointing Authority may require medical and/or mental examinations of an employee or class of employees for the purpose of determining their fitness for the positions they hold. Such medical and/or mental examination shall be made by a physician designated by the Commission and the results recorded and filed with the Commission. Employees found to be unfit for the duties of their positions are subject to be retired, suspended, transferred, demoted, or dismissed as the facts may warrant after charges have been preferred and hearings held. Any employee retired, suspended, demoted, or dismissed under the provisions of this section shall have the right to appeal to the Commission."

Case No. 771073 was dismissed on the grounds that the appeal was from an interlocutory order. Thereafter, the case

at bar was filed in the Lucas County Common Pleas Court for a declaratory judgment as to the validity of applying Section 70.03 of the Toledo Civil Service Rules to the facts in the case *sub judice.*

Assignment of error No. 1 states:

"The trial court erroneously dismissed this cause on the doctrine of res judicata."

An action for a declaratory judgment may be entertained where the construction or validity of an administrative regulation is of concern. 16 Ohio Jurisprudence 2d 602, Declaratory Judgments, Section 18; *Burger Brewing Co.* v. *Liquor Control Comm.* (1973), 34 Ohio St. 2d 93. This is true even if an alternative administrative remedy is available. *Herrick* v. *Kosydar* (1975), 44 Ohio St. 2d 128; Civ. R. 57.

While the general rule is that courts will refuse to entertain an action for declaratory judgment as to questions which are determinable in a pending action or proceeding between the same parties (see *Fry* v. *Lake Erie Dock Co.,* unreported, Erie County Court of Appeals, No. 937), in the case *sub judice* the Civil Service Commissioner made, in effect, an administrative order, not a quasi-judicial order.

The trial court held that *res judicata* barred a declaratory judgment action.

The journal entry denying the original appeal reads:

"The order of the Civil Service Commission appealed from in this proceeding, not constituting a 'final order' under Section 2506.01, ORC, the petition for a temporary restraining order and a temporary injunction is denied and the case dismissed as having been prematurely filed."

The action referred to above did not reach the issue addressed in Count 13 of the complaint for a declaratory judgment, which states:

"Wherefore, said plaintiff, John A. Billis prays for a declaratory judgment declaring that the provisions of Section 70.03 are not applicable to the facts at bar as set forth in this Complaint pertaining to him for the reason that Section 70.03 is limited to cases where the fitness of the employee for the position he holds is in issue, whereas the defendants are attempting to employ said section in the nature of a general presentence investigation and report."

An appeal is not the exclusive remedy. *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301; *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263. Therefore, we find that *res judicata* is not present here. Assignment of error No. 1 is well taken.

Assignment of error No. 2 states:

"The trial court erroneously failed to find irreparable harm in requiring plaintiff-appellant, a police officer, to submit to psychiatric evaluation."

A review of the record elicits that the Civil Service Commission hearing did not raise the issue of the mental fitness of the plaintiff. The utilization of Civil Service Commission Rule 70.03 was not shown to be a common practice. In light of the above, we find that the required element of irreparable harm as pled is sufficient to justify a hearing on the complaint for declaratory judgment and injunctive relief. See *Stewart* v. *Pearce* (C.A. 9, 1973), 484 F. 2d 1031, where the court held that an order directing an English instructor to undergo a psychiatric examination to determine his mental competency to perform his duties created a "stigma," and an official branding of the instructor, and violated his procedural due process rights, in the absence of prior notice and a proper hearing. Assignment of error No. 2 is well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Common Pleas Court is reversed and vacated.

*Judgment reversed.*

BROWN and CONNORS, JJ., concur.