James E. GOVANG, et al., Plaintiffs,

v.

CITY OF CLEVELAND, et al., Defendants.

Civ. A. No. C82–757.

United States District Court, N. D. Ohio, E. D.

April 9, 1982.

Joan B. Sebelin, Cleveland, Ohio, for plaintiffs.

Alan Belkin, John T. Price, Ohio, Director of Law, City of Cleveland, Cleveland, Ohio, for defendants.

---

## MEMORANDUM AND ORDER

**ANN ALDRICH**, District Judge.

This matter is now pending before this Court on plaintiff's Motion to Remand. For the reasons set forth below, this action is remanded to the Court of Common Pleas of Cuyahoga County, Ohio, removing defendants to pay just costs.

A.

Plaintiffs are civil service employees of the City of Cleveland. In their Complaint plaintiffs assert that, in violation of their rights under the civil service provisions of the Charter of the City of Cleveland, the City has reduced their work week from 40 hours to 32 hours, which reduction constitutes a lay off, while at the same time continuing to employ and pay temporary employees in violation of the Charter. Plaintiffs seek to enjoin the City from laying them off or, in the alternative, from laying them off while illegally continuing to employ and pay temporary employees. Named as defendants are the City, certain of its officials, and the temporary employees.

The temporary employees removed this case, on the ground that plaintiffs are seeking to redress the deprivation of their rights under the Constitution and laws of the United States, a cause of action over which this Court would have original jurisdiction. 42 U.S.C. § 1983, 28 U.S.C. § 1343(3).

B.

An examination of the Complaint plainly demonstrates that plaintiffs are asserting their rights under the Charter of the City of Cleveland, as set forth in *Gannon v. Perk*, 47 Ohio App.2d 125, 352 N.E.2d 606 (Cuyahoga County 1976), reversed on other grounds, 46 Ohio St.2d 301, 348 N.E.2d 342 (1976). There is nothing in the Complaint which could be even remotely construed as raising any federal claim whatsoever, and it is plain that this case was removed improvidently and without jurisdiction. Therefore this matter is remanded, at removing defendants' costs.

IT IS SO ORDERED.