OPINION
{¶ 1} Bryan Kirk Morris appeals from the judgment of the Clark County Common Pleas Court in favor of the Clark County Department of Job and Family Services (hereinafter referred to as Clark County Family Services).
 {¶ 2} On July 25, 2003, Morris filed a complaint in the Clark County Common Pleas Court against Clark County Family Services and his mother, Doris Morris, seeking to quiet title to certain real estate in Clark County of which he contended he was the owner in fee simple. He asserted that his mother Doris Morris had conveyed the property to him by a quit claim deed executed on October 26, 1996. He contended he was unaware of any duty to record the deed and he did not record it until July 25, 2003. He asserted that he had resided in the property since it was deeded to him in 1996 and that he had paid all the real estate taxes and mortgages on the property.
 {¶ 3} Morris asserted in the complaint that Clark County Family Services claims an interest in the property adverse to him because it claimed the property is owned by his mother, Doris Morris, and is a resource which makes her ineligible for program benefits. Bryan Morris sought a declaration that he be declared the title owner of the subject property as of October 26, 1996, and for an order requiring Clark County Family Services to reinstate the Medicaid benefits of his mother.
 {¶ 4} Clark County Family Services answered the complaint and asserted several defenses including the claim that the plaintiff had failed to exhaust his administrative remedies, that the matter was barred by the defense of res judicata, and that the court lacked subject matter jurisdiction.
 {¶ 5} Both parties moved for summary judgment with supporting material and the trial court granted summary judgment to Clark County Family Services. The Court held the determination of who owned the subject real estate had previously been determined in a State hearing and thus the trial court lacked subject matter jurisdiction to hear the matter.
 {¶ 6} The facts underlying this appeal are set out in the appellant's brief and are not in dispute.
 {¶ 7} Doris Morris has been in a nursing facility since 2001, and receives Medicaid for the Aged benefits and Specified Low-Income Medicare Beneficiary benefits, which pay for her care. On or about April 1, 2003, Clark County Family Services received anonymous information that Doris had improperly transferred her home. On April 7, 2003, after investigation, Clark County Family Services determined that Doris still owned the home and thereafter issued notice that her benefits would be terminated effective April 30, 2003, based on the value of her resources exceeding program eligibility limits (Exhibit D).
 {¶ 8} Appellant, acting as Doris' authorized representative pursuant to a duly executed power of attorney designation, appealed the decision of the agency to terminate benefits. At the administrative appeal hearing, appellant presented a copy of the quit claim deed given to him by Doris on October 26, 1996. The hearing officer made a finding of fact that the quit claim deed had not been recorded and for that reason concluded that the property is still a resource of Doris.
 {¶ 9} On April 20, 2003 appellant requested a State Hearing to appeal the determination that the real estate is a resource of Doris Morris. The agency decision was upheld by the State Hearing Authority. On May 30, 2003, appellant requested an Administrative Appeal of the state hearing decision rendered May 14, 2003. Since the request was received one day outside of the fifteen day time period set forth in O.A.C. 5101: 6-8-01, the Chief Hearing Examiner refused to consider the administrative appeal and the appeal was dismissed. On July 25, 2003 appellant filed the instant quiet title action.
 {¶ 10} In his sole assignment of error, Morris contends the trial court erred in finding that it did not have subject matter jurisdiction to hear the quiet title action.
 {¶ 11} Morris acknowledges that it is well established that exhaustion of administrative remedies is a prerequisite to further judicial review but he contends that resort to an administrative remedy would have been wholly futile because Clark County Family Services has no expertise in property law. He notes the case of The Salvation Army v. Blue Cross Blue Shield of N.Ohio (1993), 92 Ohio App.3d 571, wherein the Eighth District Court of Appeals noted that the purpose of the administrative exhaustion defense is to "benefit the parties and the courts by virtue of the agency's experience and expertise. . . ." Furthermore, Morris argues that Clark County Family Services was clearly wrong when it contended he was not the owner of the subject property because he contends that Ohio law established that legal title to real estate passes upon delivery not recording.
 {¶ 12} Clark County Family Services argues that the trial court judgment should be affirmed because Morris failed to exhaust his administrative remedies and the trial court was without jurisdiction to consider the quiet title action. In particular, the appellee notes that Morris missed two opportunities to appeal the State Hearing decision, an administrative appeal to the Chief Hearing Examiner pursuant to OAC 5101:6-8-01(C)(4) and an administrative appeal to the court of common pleas pursuant to R.C. 5101.35.
 {¶ 13} OAC 5101:6-8-01 provides in pertinent part:
 {¶ 14} "(A) An individual who disagrees with a state hearing decision, or with a decision by the hearing authority to deny or dismiss a hearing request, has the right to request an administrative appeal.
 {¶ 15} "The administrative appeal process does not apply to administrative disqualification hearing decisions.
 {¶ 16} "An administrative appeal may only be requested by or on behalf of an individual applying for or receiving benefits. An administrative appeal may not be requested by the local agency, the state agency, or another entity, such as a managed care plan, acting for or in place of the local or state agency.
 {¶ 17} "The administrative appeal process is the responsibility of the office of legal services, ODHS.
 {¶ 18} "(B) Notice of the right to and the method of obtaining an administrative appeal shall be included on the `denial/dismissal notice.' ODHS 4000, on the `state hearing decision,' ODHS 4005, and on the notice of failure to establish good cause for abandonment required by rule 5101:6-5-03 of the Administrative Code.
 {¶ 19} "(C) Administrative appeal requests
 {¶ 20} "(1) A state hearing decision, or a decision by the hearing authority to deny or dismiss a hearing request, may be administratively appealed only for one or more of the following reasons:
 {¶ 21} "(a) The decision is contrary to the weight of the evidence presented.
 {¶ 22} "(b) A prejudicial error was committed in the course of the proceedings.
 {¶ 23} "(c) The decision relies on an incorrect application of law or rule.
 {¶ 24} "* * *
 {¶ 25} "(2) A `request for administrative appeal' is defined as a clear expression, by the individual or authorized representative, to the effect that he or she wishes to appeal a state hearing decision or a decision of the hearing authority to deny or dismiss a state hearing request, and which explains the reasons why the individual believes the decision was incorrect.
 {¶ 26} "(3) The request must be in writing and signed by the individual or authorized representative. Written authorization must accompany all requests made on the individual's behalf by an authorized representative, unless the representative was the authorized representative of record at a previous stage in the proceedings, or unless one of the conditions described in rule 5101:6-3-02 of the Administrative Code is met.
 {¶ 27} "(4) The request must be received by the office of legal services, ODHS, within fifteen calendar days from the date the decision being appealed was issued."
 {¶ 28} Revised Code Section 5101.35 states as follows:
 {¶ 29} "(E) An appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee issued under division (C) of this section may appeal from the decision to the court of common pleas pursuant to section 119.12 of the Revised Code. The appeal shall be governed by section 119.12 of the Revised Code except that:
 {¶ 30} "* * *
 {¶ 31} "(3) The appellant shall mail the notice of appeal to the department of job and family services and file notice of appeal with the court within thirty days after the department mails the administrative appeal decision to the appellant. For good cause shown, the court may extend the date the department mails the administrative appeal decision. Filing notice of appeal with the court shall be the only act necessary to vest jurisdiction in the court."
 {¶ 32} On April 20, 2003 appellant requested a State Hearing to appeal the determination that the real estate is a resource of Doris Morris. The agency decision was upheld by the State Hearing Authority. On May 30, 2003, appellant requested an Administrative Appeal of the state hearing decision rendered May 14, 2003. Since the request was received one day outside of the fifteen day time period set forth in O.A.C. 5101:6-8-01, the Chief Hearing Examiner refused to consider the administrative appeal and the appeal was dismissed. On July 25, 2003 appellant filed the instant quiet title action.
 {¶ 33} It is a well-established principle of Ohio law that, prior to seeking court action in an administrative matter, the party must exhaust the available avenues of administrative relief through administrative appeal, State ex rel. Lieux v. Westlake
(1950), 154 Ohio St. 412. However, courts have recognized exceptions to the general rule. For example, in BPCommunications Alaska, Inc. v. Cent. Collection Agency (2000),136 Ohio App.3d 807, 813, the court stated as follows:
 {¶ 34} "Ordinarily, exhaustion of administrative remedies is considered a prerequisite to further judicial review. Noernbergv. Brook Park (1980), 63 Ohio St.2d 26, 17 O.O. 3d 16,406 N.E.2d 1095. Two exceptions to this general rule appear to exist:
 {¶ 35} "`First, if there is no administrative remedy available which can provide the relief sought, or if resort to administrative remedies would be wholly futile, exhaustion is not required. Second, exhaustion of remedies is unnecessary when the available remedy is onerous or unusually expensive.' (Citations omitted.) Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 17,526 N.E.2d 1350, 1355."
 {¶ 36} In Salvation Army v. Blue Cross Blue Shield,supra, the Eighth District Court of Appeals addressed the issue of exhaustion of administrative remedies. In that case, the Salvation Army filed suit against Blue Cross for terminating its contract with it while an administrative appeal was pending before the Ohio Department of Insurance. The Salvation Army asserted two counts of "bad faith" breach of contract and defamation. The trial court dismissed the Salvation Army's lawsuit because it found it failed to exhaust its administrative remedies. The Eighth District Court of Appeals affirmed the trial court's dismissal of the bad faith claim because it fell squarely within the scope of review by the Superintendent of Insurance but reversed the dismissal of the defamation claim. The court found that the superintendent does not have primary jurisdiction over the defamation matter and the doctrine of exhaustion of remedies was not applicable.
 {¶ 37} Judge Spellacy wrote on behalf of the court at pages 576 and 577 of the opinion:
 {¶ 38} "Appellant's complaint would fall within the Ohio Department of Insurance's exclusive jurisdiction if that agency were vested by the legislature with the sole authority to resolve the issue. See Pacific Chem. Products Co. V. Teletronics Serv.,Inc. (1985), 29 Ohio App.3d 45, 29 OBR 47, 502 N.E.2d 669. Primary jurisdiction does not allocate the power between an administrative agency and a court but resolves who shall make the initial determination. Lugo v. Simon (N.D. Ohio 1976),426 F.Supp. 28, 31. Primary jurisdiction applies:
 {¶ 39} "`[W]here a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.' (Citations omitted.) United States v. W.Pacific RR. Co. (1956), 352 U.S. 59, 64, 77 S.Ct. 161, 165,1 L.Ed.2d 126, 132. See, also, Pinney Dock Transport Co. V.Penn. Cent. Corp. (C.A. 6, 198), 838 F.2d 1445.
 {¶ 40} "The doctrine of primary jurisdiction will be utilized when the circumstances and their underlying legal issues would be better ascertained and interpreted by the agency specializing in that area. W. Pacific, supra, 352 U.S. at 65, 77 S.Ct. At 165-166, 1 L.Ed.2d at 132-133. The criteria used in making this determination are the `character of the controverted question and the nature of the inquiry necessary for its solution.' Great N.Ry. Co. v. Merchants Elevator Co. (1922), 259 U.S. 285,42 S.Ct. 477, 66 L.Ed. 943. The agency should make the determination in technical matters to maintain some uniformity in agency policy and to take advantage of the agency's expertise. If a question of law is presented, the court should make the initial determination. The doctrine of primary jurisdiction comes into play if the use of administrative proceedings will contribute to a meaningful resolution of the lawsuit. If it will, the trial court should defer any action until that determination is made by the agency. Lugo, supra, 426 F.Supp. At 32.
 {¶ 41} ". . .
 {¶ 42} "The exhaustion of administrative remedies doctrine applies `where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course.' W.Pacific, supra, 352 U.S. at 63, 77 S.Ct. At 164-165,1 L.Ed.2d at 131-132. The doctrine is a court-made rule of judicial economy that allows the agency to function efficiently and to afford it an opportunity to correct its own errors while benefitting the parties and the courts by virtue of the agency's experience and expertise. In this way, a record adequate for judicial review will be compiled. Nemazee v. Mt. Sinai Med. Ctr. (1990),56 Ohio St.3d 109, 111, 564 N.E.2d 477, 479. Failure to exhaust administrative remedies is not a jurisdictional defect, and such a failure will not justify a collateral attack on an otherwise valid and final judgment; it is an affirmative defense which must be timely asserted in an action or it will be considered waived.Gannon v. Perk (1976), 46 Ohio St.2d 301, 309-310, 75 O.O.2d 358, 363-364, 348 N.E.2d 342, 347-348."
 {¶ 43} It is fundamental that a deed is effective for purposes of passing title to real estate when delivery and acceptance are completed. Baldwin v. Banks of Massillon (1853),1 Ohio St. 141. R.C. 5301.25 provides that all deeds shall be recorded in the office of the county recorder of the county in which the premises are situated, and until so recorded are fraudulent, so far as relates to a subsequent bona fide purchaser having at the time of purchase, no knowledge of the existence of such former deed.
 {¶ 44} In this matter, the State Hearing examiner determined that Doris Morris "owned" the subject real estate as of April 2003 because the deed records of Clark County reflected that fact despite her delivery of a deed to her son in 1996. As such, since she had been in a nursing facility for more than six months as of April 2003 her homestead (the real estate in question) could no longer be considered an exempt source, and it was recommended that Doris Morris' eligibility for Medicaid and SLMB benefits be terminated. It is that determination which Doris Morris failed to appeal to the Director within the required 15 days.
 {¶ 45} It is clear that the Clark County Family Services and the Ohio Department of Health Services are administrative agencies in the best position to administer their own regulations and to determine whether Mrs. Morris was eligible for continued benefits under the Medicaid for the Aged program. Typically, the agency must determine what assets are available to the applicant. The underlying issue in this case was the legal issue of who owned Mrs. Morris' former residence. Although the agency got its initial determination wrong, the agency was probably misled by the fact that Mrs. Morris was able before she entered the nursing home to obtain financing on her residence because the deed records reflected she still "owned" the subject property.
 {¶ 46} The legal issue involved was not complex and a timely appeal by Mrs. Morris of the initial agency decision might have been successful before the Hearing Examiner who was an attorney. Also Mrs. Morris might have appealed to the common pleas court in the event the Hearing Examiner got the legal issue wrong.
 {¶ 47} The trial court correctly recognized appellant's quiet title action as an improper collateral attack on the unappealed administrative determination. The appellant's assignment of error is overruled. The judgment of the trial court is Affirmed.
Wolff, J., and Grady, J., concur.