[Cite as *Cline v. New Lexington*, 2015-Ohio-3727.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD LEE CLINE, JR. | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15 CA 00003 |
| VILLAGE OF NEW LEXINGTON | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 14 CV 00186

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 14, 2015

APPEARANCES:

For Plaintiff-Appellant

DANIEL J. FRUTH
CHARLES M. ELSEA
STEBELTON ARANDA & SNIDER
109 North Broad Street, Suite 200
Lancaster, Ohio 43130

For Defendant-Appellee

CHRISTINA L. CORL
CRABBE, BROWN, & JAMES
500 South Front Street
Suite 1200
Columbus, Ohio 43215

*Wise, J.*

**{¶1}** Plaintiff-Appellant Richard Lee Cline, Jr. appeals the December 31, 2014, judgment entered in the Perry County Court of Common Pleas granting Defendant-Appellee Village of New Lexington's Motion to Dismiss and the January 8, 2015, Judgment Entry dismissing his appeal.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** The facts as averred in the Notice of Appeal filed below and the Record are as follows:

**{¶3}** On April 7, 2014, Council for Appellee Village of New Lexington met in regular session. (Council Meeting Minutes, April 7, 2014). After several matters were discussed by the Council, Councilperson Thompson gave an update from the previous two Finance Committee meetings. Audit reallocations and the effect on the budget were also discussed. The Finance Director gave an update as to the Cost Allocation Plan. (*Id.* at 2). Village Police Chief Ervin then requested a motion to not fill a full-time dispatch position and further to abolish the position of Detective Sergeant. *Id.* Councilperson Thompson made a motion which was seconded by Councilperson Pletcher. All Council voted "yes", and the motion carried. *Id.*

**{¶4}** On April 8, 2014, Village Mayor David Eveland and Village Administrative Director Scott Bryant served Appellant Cline with a Letter of Notification providing notice to Appellant that his layoff would be effective April 23, 2014, and further advising him that he shall be eligible for recall for a period of one year following the date of layoff. (April 8, 2014, Letter of Notification to Appellant).

{¶5}   On April 15, 2014, Appellant filed what he describes as a "Village of New Lexington PPM Grievance Form"

{¶6}   On April 22, 2014, Appellant was notified by letter via certified mail from Mayor Eveland that his grievance was denied on April 21, 2014, stating that "work force reduction/layoff is a non-grievable issue."

{¶7}   On April 28, 2014, Appellant alleges that he "filed" an appeal with the Village Personnel Review Board.

{¶8}   On May 23, 2014, Appellant's wife apparently contacted the Village Administrator, Scott Bryant, inquiring as to Appellant's "appeal" to the Personnel Review Board, but was told by Mr. Bryant that he did not know if the Board even still existed.

{¶9}   On July 3, 2014, Appellant filed an Administrative Appeal in the Court of Common Pleas of Perry County.

{¶10} On July 15, 2014, counsel for Appellee Village of New Lexington ("Village") filed a Notice of Appearance.

{¶11} On October 2, 2014, the trial court issued a Case Management Schedule.

{¶12} On October 7, 2014, the Village filed a Motion to Dismiss Appellant's Administrative Appeal on the grounds that Appellant Cline failed to timely file his Administrative Appeal pursuant to R.C. §2505.07, and therefore, the trial court lacked subject matter jurisdiction to consider the Administrative Appeal.

{¶13} On October 16, 2014, Appellant filed a Memorandum Contra to the Appellee Village's Motion to Dismiss, arguing that the Village had not complied with the procedural requirements in R.C. §737.19.

{¶14} On October 22, 2014, Appellee Village filed its Reply to Appellant's Memorandum Contra, responding that the elimination of Appellant's position did not violate R.C. §737.19 because that code section is inapplicable to lay-offs resulting from financial concerns.

{¶15} On November 26, 2014, the Village filed a Notice of Filing Record on Appeal, which consisted of two documents: (1) Village of New Lexington Council Meeting Minutes of April 7, 2014; and (2) Village of New Lexington Lay-Off Notice, dated April 8, 2014.

{¶16} On December 31, 2014, the trial court issued its Decision granting Appellee Village's Motion to Dismiss.

{¶17} On January 8, 2015, the trial court entered final judgment for the Village.

{¶18} Appellant now appeals, assigning the following sole error for review:

<u>ASSIGNMENT OF ERROR</u>

{¶19} "I. THE TRIAL COURT ERRED, IN ITS DECISION GRANTING APPELLEE'S MOTION TO DISMISS DATED DECEMBER 31, 2014 AND ITS SUBSEQUENT JUDGMENT ENTRY DISMISSING APPELLANT'S APPEAL ON JANUARY 8, 2015, IN DETERMINING THAT APPELLANT FAILED TO TIMELY PERFECT AN APPEAL IN THE TRIAL COURT BELOW."

**I.**

{¶20} Appellant, in his sole Assignment of Error, argues that the trial court erred in dismissing his appeal. We disagree.

**{¶21}** Specifically, Appellant argues that his time requirements under R.C. §2505.07 never began to run, preventing his appeal from being untimely and that he was denied any meaningful grievance process as required by R.C. §737.19.

**{¶22}** Initially, this Court finds R.C. 737.19 applies exclusively to disciplinary actions and is inapplicable to the case *sub judice*. The right of a municipality to lay off employees as a necessary economy measure, when properly exercised, cannot reasonably be disputed. *Gannon v. Perk* (1976), 46 Ohio St. 2d 301, 312.

**{¶23}** In *Gannon*, the Ohio Supreme Court held that the mayor of Cleveland had authority to lay off police officers for reasons of economy. In this regard, the court noted that:

**{¶24}** "public employees may be laid-off for reasons of economy 'notwithstanding statutory or charter provisions to the effect that no employee in the classified service shall be removed except for cause * * *, the view * * * being that such statutory or charter provisions * * * are not intended to restrict the public authorities in their efforts to effect necessary or desirable economies.' " 46 Ohio St.2d at 312-13, 348 N.E.2d 342, quoting from *State ex rel. Buckman v. Munson* (1943), 141 Ohio St. 319, 48 N.E.2d 109.

**{¶25}** Here, the minutes of the village council meeting reflect that following an update from the Finance Committee meetings, cuts in the Police Department were discussed and that a motion was made to abolish the position of Detective Sergeant and to not fill a full-time dispatch position.

**{¶26}** We therefore find Appellant's arguments concerning his lack of a meaningful grievance procedure under R.C. §737.19 not well-taken.

**{¶27}** Revised Code §2505.07 prescribes the time period for perfecting an appeal and provides:

**{¶28}** "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."

**{¶29}** The requirements of R.C. §2505.07 are jurisdictional rather than merely procedural. *Roberts v. Pleasant Local School Dist. Bd. of Edn.,* 3d Dist. No. 9–11–04, 2011–Ohio–4560, ¶13.

**{¶30}** In *Swafford v. Norwood Bd. of Edn.* (1984), 14 Ohio App.3d 346, the First District Court of Appeals held:

**{¶31}** "In the usual and customary case, the entry of a resolution, order, or directive into the official minute book of a public board or commission and its subsequent approval by such board or commission constitutes "the entry of other matter for review" within the meaning of R.C. 2505.07 and, without more, commences the running of time for appeal. "

**{¶32}** Pursuant to *Swafford,* the thirty-day appeal time in R.C. §2505.07 commenced running in this case on April 7, 2014. Appellant did not file his appeal with Common Pleas Court until July 3, 2014.

**{¶33}** Based upon the record before us, it is undisputed that Appellant did not meet the statutory requirements set forth in R.C. Chapter 2505. Appellant did not file his notice of appeal within 30 days of the final order of the Village. Thus, Appellant did not properly invoke the jurisdiction of the common pleas court. *See Harris v. Akron,* 9th Dist.

No. 25689, 2011–Ohio–6735, ¶5–6. The court of common pleas therefore did not err dismissing Appellant's appeal.

{¶34} Based upon the foregoing, we overrule Appellant's sole Assignment of Error and affirm the judgment of the Perry County Court of Common Pleas.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0831