of the scintilla rule by no uncertain language, that governs. Therefore the lower court erred in sustaining the motion to direct a verdict in favor of defendant.

Holding these views, the judgment of the lower court is hereby reversed, and the case is remanded for further proceedings, according to law.

*Judgment reversed.*

LEVINE, J., concurs.
VICKERY, J., not participating.

THE CLEVELAND AKRON BAG CO. *v.* RODATT, A MINOR.

*Negligence—Minor's signing application not an election to take under workmen's compensation act—Finding of trial court not manifestly against weight of evidence.*

1. A decision of the court or jury on conflicting evidence must be clearly and overwhelmingly against weight of evidence before reviewing court is warranted in disturbing it.

2. Trial court's finding that there was no "election," meaning a choice, by minor 17 years of age, who signed application for compensation under the Workmen's Compensation Act (Section 1465-37 *et seq.*, General Code), two days after very serious injury, and without explanation that he had legal right to sue for the injury, *held* not so manifestly against weight of evidence that reviewing court is warranted in disturbing it.

(Decided November 16, 1926.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. G. A. Boone,* for plaintiff in error.
*Messrs. Payer, Winch, Minshall & Karch,* for defendant in error.

VICKERY, J.    This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

Edward Rodatt, a minor of the age of 17 years, through his next friend, his father, brought this action to recover damages for an injury which occurred to him as an employe in the service of the plaintiff in error.

It seems that Edward Rodatt was employed by the Cleveland Akron Bag Company and was working around some machinery located near the ceiling, oiling or doing something with the machine, when another employe of the company, without knowing of his perilous condition, started the machinery in motion by touching the electric switch. The clothing of Edward Rodatt caught in the revolving machinery and pulled him from the ladder, whirled him around, striking his body, legs, and arms against various objects, and he was frightfully injured and bruised in his body, and his arms and legs were broken. He was taken to a hospital in Akron, that being the nearest hospital to the place where the injury occurred, to wit, in Boston, near Cleveland.

Within the next two days, the officers of the Cleveland Akron Bag Company, or some one in their employ, the manager perhaps, with another, came to the hospital, and by certain representations and statements, without fully informing Edward Rodatt what his legal rights were, induced him to sign an application for compensation.

I should say in this connection that the Cleveland Akron Bag Company is a self-insurer.

I should also say that the record in this case shows that the accident happened to Edward Rodatt in such a way and in such a manner as would give him the option of electing to sue the company for a violation of the statute, or for not complying with the statute by having the proper apparatus in the shop, or he might file an application for compensation under the Industrial Commission Act of the state of Ohio, Section 1465-37 *et seq.*, General Code. I say it is conceded, or the record conclusively shows, that Edward Rodatt had the right to elect.

It is claimed by the defense, and their answer to the petition is to that effect, that Edward Rodatt had elected to draw compensation and had made an application as the law provides. This was denied by the reply, and that really was the issue upon which the case went to trial.

I should say, perhaps, that the petition set up a ground, which, if proved, unless he was barred by reason of the application having been made, would warrant him in recovering for personal injuries under the statute.

The theory of the defense was that plaintiff below, Edward Rodatt, had elected to take compensation.

The theory of the plaintiff was that there had been no election, and, while the petition admitted that a certain paper which purported to be an application for compensation was signed by Edward Rodatt, it was alleged that it was signed under such conditions and circumstances as negatived the idea of an election.

236 OHIO APPELLATE REPORTS.

Clev. Akron Bag Co. *v.* Rodatt.        [26 Ohio

The record is rather interesting and the law not difficult of application. While it is true under the statute that a boy under 17 years of age is made *sui generis* for the purpose of making contracts and making application for benefits, etc., the same as he would be if he were of legal age, yet the question whether this young man really did elect in the instant case is a matter which the jury, and, in the absence of a jury, the court, might well consider. It must be remembered that he was horribly injured, and I think two days thereafter, while on his bed of pain, broken and bruised as he was, this paper was thrust at him. True, there is some conflict of evidence as to whether it was signed then or later, but one thing is true, the record is absolutely silent as to the alternative being put up to this young man. He was not informed by the company's officers, or those who sought to procure and did procure his signature to this so-called application, that he had a legal right to maintain his suit. He was told that if he signed this application, he might receive some money, or something to that effect.

The truth of the matter is that his physician, who seemed to be more intent on helping the defendant than in looking after the interests of his patient, if it was his duty to look after the interests of his patient, was more intent on receiving his own compensation, and he led the boy to believe that, in order to receive compensation for doctor and hospital expenses, he would have to sign this application. Whether or not the application was signed the same day it was presented is immaterial. At the time it was signed, or immediately thereafter, the company sent a check in the amount of

$54, I believe. That was given to Edward Rodatt, who was then suffering pain and was ill in bed. It was laid upon the table and within a day or two his father came in and he told his father what he had done. His father then and there told him that he had made a mistake; that the signing of an application of that kind would prevent his bringing a lawsuit. The father then went to the Cleveland Akron Bag Company's office and complained there of what he thought ill treatment on their part, expressing the sentiment that he thought they were his friends, but that their having coerced the boy into signing the application showed them in their true light, and he repudiated the transaction for his son.

Edward Rodatt never cashed the check, and for some months thereafter no other check was sent, and then the company began sending checks by mail, addressed to him, none of which was ever drawn, and not a cent was paid by the company or received by the injured boy, and later the checks were tendered back to the defendant company. Edward Rodatt claims that he did not elect because the alternative was not put up to him; that he did not know he had an option; and that he was not informed of that option.

An election means a choice, and if no choice was put to Edward Rodatt you could hardly say there was an election. It could hardly be supposed that a boy 17 years old knew what his rights were, or knew that, under certain circumstances, the company would be liable to him in an action at law, irrespective of the Industrial Commission and the Compensation Law, and there is nothing in this record to show that this phase of the question was

ever presented to him, so all he knew was that if he signed this application he would receive compensation, and not knowing, so far as this record shows, that if he failed to sign the application, or refused to sign the application, he still might have an action for damages against the company under the law. This, I say, was an important question, and his age and condition might well be taken into consideration by the jury as bearing upon the question whether or not he had actually made an election.

The record shows that at the earliest opportunity he sought to repudiate so far as he might, and demanded the return of the paper bearing his signature. Of course, this is denied, but it was a question before the court and jury, and as there was a conflict upon this proposition, the decision would have to be clearly and overwhelmingly against the weight of the evidence before a reviewing court would be warranted in disturbing the same.

The issue was made up by the petition, setting forth the grounds upon which the plaintiff sought to recover, the answer, which in effect was pleading the election to take compensation under the Compensation Law, and the reply. The reply, I should say, denied the matter of election.

At the trial of this action, after the plaintiff had introduced evidence which tended to sustain his contention, the defendant made a motion for a judgment. The plaintiff thereupon made a motion likewise to have a judgment entered in its behalf and arguments were made by counsel on both sides, and the court then discharged the jury, as was proper, both sides having made motions, and it then became a question of law for the court to decide,

without the intervention of the jury. The court, after having heard all the arguments, found in favor of the plaintiff and granted his motion and fixed his compensation at four or five thousand dollars—not an exorbitant sum. A larger sum might have been granted, and perhaps would have been granted had the jury been left to deliberate upon the case.

The defendant seeks to reverse the judgment by prosecuting error here. This, I think, sets forth the contentions of the various parties.

Now, a review of this record shows that there is a conflict of evidence upon the question whether or not there had been an election. This is a question of fact. As already stated, a man, to elect, must know what the two or more alternatives are, if there be more, so that he may have a choice. The statute says he has an option either to sue the company for damages or to choose to take compensation. In order to choose, he must know what his rights are, and under the circumstances, considering this boy's age, his serious injuries and pain, it would seem that only common decency would have demanded that he be given a right of option by being told what his legal rights were. But the record is absolutely silent as to his having any knowledge as to what his rights might be until after this so-called election had been made by his signing the application. We think that the court had ample evidence before it to warrant it in coming to the conclusion that there had been no election, because the young man was not informed what his rights were, and, that being so, we cannot say that this finding was so manifestly against the weight of the evidence that a reviewing court would

be warranted in disturbing the finding of the court.

There are other questions in this lawsuit, but I think I have covered the real issue in this case, and we cannot say that there has been any erroneous judgment pronounced. It seems to us that the evidence in this case warranted the finding of the court.

Holding these views, the judgment of the court below is hereby affirmed.

*Judgment affirmed.*

LEVINE, P. J., and SULLIVAN, J., concur.