DECISION AND JUDGMENT ENTRY
{¶ 1} Daniel J. Svette ("Appellant") appeals the judgment of the Ross County Court of Common Pleas granting the motion for summary judgment submitted by Ross County, et al. ("Appellees"). The Appellant contends that the trial court erred by granting the motion, as genuine issues of material fact exist concerning the immunity of the county employees involved, as well as the immunity of the county itself. The Appellant also contends that *Page 2 
Chapter 2744 of the revised code is unconstitutional. Because we find that the Appellees are entitled to immunity, and that Ohio's Political Subdivision Tort Liability Act is constitutional, we affirm the judgment of the trial court.
 I. Facts {¶ 2} At approximately 9:15 p.m. on October 30, 2002, the Appellant was driving an automobile eastbound on U.S. Route 50 proceeding from Cincinnati, Ohio, through Ross County, Ohio. Jacob Caplinger was traveling westbound on U.S. Route 50 through Ross County at approximately the same time. Thomas Snyder and Patricia Reinholz, who were also traveling westbound on U.S. Route 50, noticed Mr. Caplinger was driving his vehicle erratically. Concerned that Mr. Caplinger's automobile might cause injury to other parties on the road, Ms. Reinholz, using a cellular telephone, called 9-1-1 at about 9:20 p.m. Sergeant Nancy Haggard was the dispatcher on duty when the call was received. Ms. Reinholz identified Mr. Caplinger's automobile to Dispatcher Haggard as a dark-colored Buick and told her that the Buick was proceeding west on U.S. Route 50 east of Bourneville, Ohio. Dispatcher Haggard made no further inquiry of Reinholz and responded, "[O]kay. We'll send somebody to check the area." Dispatcher Haggard knew that the Ross County Deputy covering the area where Mr. Caplinger was traveling was unavailable, as he was *Page 3 
tending to another call. As such, she allegedly called the Ross County Post of the Ohio State Highway Patrol to see if it could send a trooper to the scene. Dispatcher Haggard was informed that the closest trooper would not be able to catch up to Mr. Caplinger.
 {¶ 3} At about 9:28 p.m., still following Mr. Caplinger, Ms. Reinholz again called 9-1-1 in order to report the license number of Mr. Caplinger's automobile. Dispatcher Haggard answered the call, making no further inquiry of Ms. Reinholz once she had relayed the information. Dispatcher Haggard indicated that she would "have an officer out that way * * *." At about 9:38 p.m., Ms. Reinholz called 9-1-1 a third time and spoke to Dispatcher Haggard, asking her to please notify the Bainbridge Police that " * * * this fellow is coming through on 50." The Appellant alleges that Dispatcher Haggard took no action after she received these calls from Ms. Reinholz.
 {¶ 4} Ultimately, at 9:46 p.m., the automobile operated by Mr. Caplinger drove left of the center line and crashed head-on into the automobile driven by the Appellant. The Ohio State Highway Patrol responded to the accident. The accident caused the Appellant extensive injuries, as well as medical bills in excess of $460,000.00 to date. *Page 4 
 {¶ 5} On July 15, 2003, the Appellant filed a complaint against Jacob Caplinger, Tammy Haddox, Ross County, Sheriff Ronald Nichols, Jane Doe, Ross County EMS, Paxton Life Squad, and John Doe. On March 2, 2004, the Appellant filed his first amended complaint substituting Nancy Haggard as the Jane Doe defendant. On April 12, 2004, the Appellant dismissed his complaint against Ross County EMS, Paxton Life Squad, and John Doe. On July 30, 2004, the Appellant filed a second amended complaint adding a claim against defendants Ross County and Sheriff Nichols under42 U.S.C. § 1983. On August 4, 2004, the Appellant dismissed his complaint against Mr. Caplinger and Ms. Haddox.
 {¶ 6} On August 19, 2004, the case was removed to the United States District Court, Southern District of Ohio. On November 8, 2004, the Appellant filed his third amended complaint joining the Painting Industry Insurance Fund ("Painters Fund") as a new party defendant. On or before November 22, 2004, all defendants, including Ross County, Sheriff Nichols, Dispatcher Haggard, and the Painters Fund, filed their answer to the Appellant's third amended complaint. On November 22, 2004, Ross County, Sheriff Nichols, and Dispatcher Haggard ("Ross County Appellees") filed a cross-claim for declaratory judgment against the Painters Fund which the Painters Fund answered on December 9, 2004. On January *Page 5 
21, 2005, the Ross County Appellees filed a motion for summary judgment to which the Appellant responded on February 10, 2005. On May 18, 2005, the United States District court granted summary judgment to the Ross County Appellees on the Appellant's federal claim and remanded the Appellant's state law claims against the Ross County Appellees and the Ross County Appellees' claim for declaratory judgment to the Ross County Common Pleas court for determination.
 {¶ 7} On August 25, 2005, the Ross County Appellees filed a motion for summary judgment in the Ross County Court of Common Pleas, to which the Appellant filed a motion opposing summary judgment. On June 6, 2006, the Ross County Court of Common Pleas granted the Appellees' motion for summary judgment. The Appellant now appeals that judgment, asserting the following assignments of error:
 {¶ 8}
 1. THERE ARE GENUINE ISSUES OF MATERIAL FACT ABOUT WHETHER HAGGARD, THE SHERIFF AND COUNTY ACTED WANTONLY OR RECKLESSLY BY IGNORING THREE 911 CALLS, FAILING TO TRAIN THE 911 DISPATCHER AND FAILING TO ESTABLISH ANY PROTOCOL FOR 911 DISPATCHER RESPONSE. NEITHER HAGGARD, THE SHERIFF NOR COUNTY ARE ENTITLED TO JUDGMENT THAT THEY DID NOT ACT WANTONLY OR RECKLESSLY UNDER ORC 2744.03(A)(6)(b) AND ORC 4931.49(A) AS A MATTER OF LAW.
 {¶ 9}
 2. THERE ARE GENUINE ISSUES OF MATERIAL FACT ABOUT WHETHER EXCEPTIONS TO GOVERNMENTAL IMMUNITY APPLY IN THIS CASE. APPELLEES ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW THAT NO EXCEPTION TO GOVERNMENTAL IMMUNITY IS APPLICABLE HEREIN. *Page 6 
 {¶ 10}
 3. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WITHOUT ANY CONSIDERATION OF APPELLANT'S ARGUMENTS UNDER THE OHIO CONSTITUTION.
 {¶ 11} In addition to the Appellant's assignments of error, the Appellees have asserted two cross-assignments of error, as follows:
 {¶ 12}
 4. THE TRIAL COURT ERRED BY FAILING TO APPLY THE PUBLIC DUTY DOCTRINE TO BAR PLAINTIFF'S CLAIMS.
 {¶ 13}
 5. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THAT — AS A MATTER OF LAW — THE DEFENDANTS/APPELLEES WERE NOT THE PROXIMATE CAUSE OF PLAINTIFF'S INJURIES.
 II. Standard of Review {¶ 14} Initially, we note that when reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 671 N.E.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411-12, 599 N.E.2d 786. In determining *Page 7 
whether a trial court properly granted a summary judgment motion, an appellate court must review the standard for granting a summary judgment motion as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 15} A trial court may grant a summary judgment motion if the moving party demonstrates that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party. See Civ.R. 56(C); Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. Moreover, when ruling on a motion for summary judgment, the court must construe the record and all inferences in the opposing party's favor. See Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531, 535,629 N.E.2d 402.
 {¶ 16} A party raising an immunity defense to support a motion for summary judgment "must present evidence tending to prove the underlying facts upon which the defense is based." Evans v. S Ohio Med. Ctr.
(1995), 103 Ohio App.3d 250, 255, 659 N.E.2d 326; see, also, Vance v.Jefferson Area Local School Dist. Bd. of Edn. (Nov. 9, 1995), Ashtabula App. No. 94-A-0041, 1995 WL 804523. The plaintiff, as the nonmoving party, must then *Page 8 
present evidence showing the existence of a genuine issue as to these material facts. Id." Hall v. Ft. Frye Local School Dist. Bd. ofEdn. (1996), 111 Ohio App.3d 690, 694-95, 676 N.E.2d 1241.
 III. Argument {¶ 17} For ease of analysis, we will begin by discussing the Appellant's second assignment of error, in which he argues that there are genuine issues of material fact pertaining to the applicability of exceptions to governmental immunity in this case. The case sub judice involves R.C. 2744.02 and 2744.03, code sections which fall under the Political Subdivision Tort Liability Act. The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, sets forth a three-tiered analysis for determining whether a political subdivision is immune from liability. Winegar v. Greenfield Police Department, Highland App. No. 00CA18, 2002-Ohio-2173, at *4. R.C. 2744.02(A) presents the overarching rule that political subdivisions are not liable in damages for an individual's personal injuries or death. Ross County is undoubtedly a "political subdivision" within the contemplation of RC.2744.01(F). Ross County's operation of the 9-1-1 service is a function that is performed for the common good of all citizens of the state, and may be considered a provision of emergency medical, ambulance, and rescue services. See R.C. 2744.01(C)(1)(b) and *Page 9 
(C)(2)(a). As such, it performs "governmental functions" for the purpose of R.C. Chapter 2744, and by that token, is afforded immunity from liability as provided by R.C. 2744.02(A)(1). The immunity granted by R.C. 2744.02(A)(1) is subject to the exceptions delineated in R.C.2744.02(B). Once immunity is established, the second tier of analysis involves determining whether any of these five exceptions apply.Winegar, supra. If any of these exceptions applies, the third tier of the analysis involves a determination of whether one or more of the defenses contained in R.C. 2744.03 apply, thereby reinstating immunity to the political subdivision. Id., citing Cater v. City ofCleveland (1998), 83 Ohio St.3d 24, 697 N.E.2d 610.
 A. Application of Exceptions to Immunity for Ross County Under R.C. 2744.02(B) {¶ 18} The Appellant contends that the exceptions established in R.C.2744.02(B)(3) and (4) apply to the case sub judice. Former R.C.2744.02(B)(3) and (4) provide, in pertinent part:
 "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows: * * *
 (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance * * *[.][1] *Page 10 
 (4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.[2]
 (1) Nuisance under R.C. 2744.02(B)(3) {¶ 19} Former R.C. 2744.02(B)(3) provided that political subdivisions are liable for injury to persons caused by their failure to keep public roads within the political subdivision free from nuisance. The Supreme Court of Ohio has established a two-pronged test to determine whether a roadway condition constitutes a nuisance under R.C. 2477.02(B)(3) sufficient to withstand a motion for summary judgment. First, the condition alleged to constitute a nuisance must create a danger for ordinary traffic on the regularly traveled portion of the road. Second, the cause of the condition *Page 11 
alleged as a nuisance must be something other than a decision regarding design and construction of the roadway. Haynes v. Franklin (2002),95 Ohio St.3d 344, 2002-Ohio-2334 at ¶ 18. Once it is demonstrated that a nuisance exists, liability will not attach unless the plaintiff establishes that the political subdivision possessed "actual or constructive knowledge of the nuisance and fail[ed] to remedy the problem." Vogel v. Wells (1991), 57 Ohio St.3d 91, 97, 566 N.E.2d 154.
 {¶ 20} The Appellant argues that Ross County failed to keep U.S. Route 50 free from nuisance, in violation of former RC. 2744.02(B)(3). Specifically, he argues that the automobile driven by Mr. Caplinger created a danger, and thus, a nuisance, for ordinary traffic on the regularly-traveled portion of U.S. Route 50 where he was injured, and that Ross County had notice of the nuisance via Ms. Reinholz's three 9-1-1 calls, but did not take action to eliminate the nuisance. InWinegar v. Greenfield Police Dept., supra, we expressly rejected the argument that the nuisance exception as set forth in R.C. 2744.02(B)(3) applies to erratic drivers on public highways. We specifically found that "there is no case law finding that an illegal activity such as drunk driving is a nuisance pursuant to R.C. 2744.02(B)(3)." Id. at *6. Extending that rule to the case sub judice, we do not find that Mr. Caplinger's erratic operation of his vehicle constitutes a *Page 12 
nuisance pursuant to R.C. 2744.02(B)(3). Therefore, we find that the exception to immunity provided in R.C. 2744.02(B)(3) is inapplicable here.
 (2) Negligence on Grounds of Public Building Under R.C. 2744.02(B)(4) {¶ 21} Former R.C. 2744.02(B)(4) provided that political subdivisions were liable for injury to persons caused by the negligence of their employees which occurred within or on the grounds of buildings used in connection with the performance of a governmental function. Within this context, the Appellant posits that because all 9-1-1 calls dialed from Ross County outside the Chillicothe city limits ring directly to the Sheriffs 9-1-1 dispatch center, which is a government building, and because Dispatcher Haggard's failure to dispatch a law enforcement officer upon receiving Ms. Reinholz's three 9-1-1 calls occurred in that government building, that Ross County is liable under former R.C.2744.02(B)(4) for Dispatcher Haggard's negligence. We disagree with the Appellant's argument.
 {¶ 22} The plain language of the former version of the statute clearly states that the political subdivision is only liable when the injury occurs within the building or on the grounds of the public building. Here, the injury actually occurred on U.S. Route 50, not within the dispatch center. Therefore, R.C. 2744.02(B)(4) has no applicability to the facts of this case. *Page 13 
 {¶ 23} Because neither R.C. 2744.02(B)(3) or (4) applies to the case sub judice, there are no genuine issues of material fact regarding the application of those exceptions to governmental immunity. Accordingly, the Appellant's second assignment of error is overruled.
 B. Immunity for Individual Defendants Under R.C. 2744.03and Imposition of Liability under R.C. 4931.49(A) {¶ 24} We will now turn to the Appellant's second assigned error, which asserts that there are genuine issues of material fact concerning whether Dispatcher Haggard, Sheriff Nichols, and Ross County acted wantonly or recklessly under R.C. 2744.03(A)(6)(b) and RC. 4931.49(A). We will begin our discussion by outlining the portions of RC. 2744.03
pertinent to our case.
 (1) R.C. 2744.03(A)(6)(b) {¶ 25} R.C. 2744.03, which covers defenses and immunities, provides:
 "(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability: * * *
 (6) * * * the employee is immune from liability unless one of the following applies:
 (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; *Page 14 
 (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code."
 {¶ 26} Employees of political subdivisions are immune from liability for acts or omissions connected with governmental or proprietary functions unless (1) the employee's acts or omissions were manifestly outside the scope of the employee's employment, (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner, or (3) civil liability is expressly imposed upon the employee by a section of the Revised Code. Webb, supra, at ¶ 19, citing RC. 2744.03(A)(6) and Engle v. Salisbury Twp., Meigs App. No. 03CA11,2004-Ohio-2029. In the case sub judice, the Appellant asserts that Dispatcher Haggard, Sheriff Nichols, and Ross County acted wantonly or recklessly, respectively, by ignoring three 9-1-1 calls, failing to train Dispatcher Haggard, and failing to establish any protocol for 9-1-1 dispatcher response.
 {¶ 27} Whether Dispatcher Haggard and Sheriff Nichols are entitled to immunity under R.C. 2744.03(A)(6)(b) is a question of law for this court to decide. Conley v. Shearer (1992), 64 Ohio St.3d 284, 292,595 NE.2d 862. We begin with the presumption of immunity that is afforded governmental acts carried out by political subdivisions and their employees. See Lutz v. *Page 15 Hocking Technical College, Athens App. No. 98CA12, 1999 WL 355187, at *5. As analyzed supra, Ross County is a political subdivision within the definition of R.C. 2744.01(F). Both Dispatcher Haggard and Sheriff Nichols are employees of Ross County who were acting within their scope of employment at the time of the underlying action in the case sub judice. The Appellant posits that the "wanton and reckless misconduct" exception under R.C. 2744.03(A)(6)(b) applies to the circumstances of this case. We disagree.
 {¶ 28} In Webb v. Edwards, supra, we defined the high standard of wanton and reckless misconduct as follows:
 "'Wanton and reckless conduct' is defined as perversely disregarding a known risk, or acting or intentionally failing to act in contravention of a duty, knowing or having reason to know of facts which would lead a reasonable person to realize such conduct creates an unreasonable risk of harm substantially greater than the risk necessary to make the conduct negligent."
Webb, supra, at ¶ 28, citing Thompson v. McNeill (1990),53 Ohio St.3d 102, 104-105. Summary judgment in favor of a political subdivision's employee is proper where the employee's actions "showed that he did not intend to cause harm, * * * did not breach a known duty through an ulterior motive or ill will, [and] did not have a dishonest purpose."Hackathorn v. Preisse (1995) 104 Ohio App.3d 768, 772, 663 NE.2d 384. When the record does not contain evidence that the employee acted with malicious purpose, in bad *Page 16 
faith, or in a wanton or reckless manner, a trial court correctly grants summary judgment. Fabrey v. McDonald Village Police Dept. (1994),70 Ohio St.3d 351, 357, 639 N.E.2d 31.
 {¶ 29} The Appellant has accused Sheriff Nichols of reckless or wanton misconduct for his alleged failure to train Dispatcher Haggard. Dispatcher Haggard was a dispatcher in Xenia, Ohio, for eleven years prior to accepting a similar position in Ross County. Sue Pivetta, who testified for the Appellant regarding dispatching, noted that Dispatcher Haggard's training while a dispatcher in Xenia was adequate, and also noted that Dispatcher Haggard had undergone training to be a communications training officer. Ms. Pivetta noted that Dispatcher Haggard should have had some training at the time of her lateral employment change to deal with local issues; however, when Dispatcher Haggard made the lateral move, she had been a resident of Ross County for at least four years, making her familiar with many of the local issues in question. Whether or not Dispatcher Haggard received additional training in Ross County does not support a finding that Sheriff Nichols was wanton or reckless in his training and supervision duties, as discussed infra.
 {¶ 30} The Appellant has also accused Dispatcher Haggard of wanton or reckless misconduct as a result of her operation of the 9-1-1 system on the *Page 17 
day of the Appellant's accident. Dispatcher Haggard's conduct, as well as Sheriff Nichols' conduct, must be analyzed under the standard set forth in Hackathorn, supra: we must determine whether Haggard or Nichols intended to cause harm, breached a known duty through an ulterior motive or ill will, or had a dishonest purpose. We do not find that the conduct of either Dispatcher Haggard or Sheriff Nichols reflects that they intended to cause harm, breached a known duty through an ulterior motive or ill will, or had a dishonest purpose for the actions they took. Appellant has not presented the critical evidence to create a question of material fact concerning the conduct of either Dispatcher Haggard or Sheriff Nichols in the context of R.C. 2744.03(A)(6)(b).
 (2) R.C. 4931.49(A) {¶ 31} The Appellant also argues in his first assignment of error that R.C. 4931.49 expressly imposes liability on Dispatcher Haggard and Sheriff Nichols for their conduct. Former R.C. 4931.49(A) provides:
 "(A) The state, the state highway patrol, or a subdivision participating in a 9-1-1 system and any officer, agent, or employee of the state, state highway patrol, or a participating subdivision is not liable in damages in a civil action for injuries, death, or loss to persons or property arising from any act or omission, except willful or wanton misconduct, in connection with developing, adopting, or approving any final plan or any agreement made under section 4931.48 of the Revised Code or otherwise bringing into operation a 9-1-1 system pursuant to those provisions."[3] *Page 18 
 {¶ 32} The Supreme Court of Ohio held in Butler v. Jordan (2001),92 Ohio St.3d 354, 357, 750 N.E.2d 554, that a statute imposing a duty does not equate with a statute imposing liability. Ohio Courts have likewise rejected broad readings of the Revised Code conducted to find that a particular section imposes liability. "[Courts] should give sections of the Revised Code their ordinary meaning and should not `stretch' them to impose liability on a political subdivision for purposes of * * * [imposing] exception[s] to immunity * * *[.]" Farra v. Dayton (1989),62 Ohio App.3d 487, 496, 576 N.E.2d 807.
 {¶ 33} The express language of former R.C. 4931.49(A) does not apply to the facts of this case. R.C. 4931.49(A) applies to actions taken in connection with "developing, adopting, or approving any final plan or any agreement made under section 4931.48 of the Revised Code or otherwise bringing into operation a 9-1-1 system." The Appellant's claims do not question the development of the Ross County 9-1-1 system; they only question Dispatcher Haggard's conduct upon receiving reports of an erratic driver on U.S. Route 50. Because this section does not apply to the fact *Page 19 
pattern in the case sub judice, and because R.C. 4931.49 functions as an immunity provision, rather than a section imposing civil liability, the Appellant's claim pertaining to R.C. 4931.49 is not well taken. Because the Appellant has not demonstrated genuine issues of material fact concerning the conduct of either Dispatcher Haggard or Sheriff Nichols in the context of R.C. 2744.03(A)(6)(b) or R.C. 4934.49, we overrule his first assignment of error.
 C. Constitutionality of R.C. Chapter 2744 {¶ 34} In his third assignment of error, the Appellant argues that the trial court's failure to reference his claims of unconstitutionality in its journal entry constitutes cause for reversal and remand of the case. We disagree. There is no requirement for the trial court to issue a written opinion. Crabtree v. Board of Edn. (1970), 26 Ohio App. 237,242, 270 N.E.2d 668. The trial court need only issue a judgment entry that contains a "clear and concise pronouncement of the [c]ourt' s judgment" and "a sufficient pronouncement of its decision upon which to review the issues raised by appellants' appeal." Powers v. FerroCorp. (2002), Cuyahoga App. No. 79383, 2002 WL 1041850, at *3. Additionally, we recently rejected a constitutional challenge to R.C. Chapter 2744 in Nagel v. Homer (2005), 162 Ohio App.3d 221, 225-26,833 NE.2d 300. The Appellant's *Page 20 
argument provides us with no reason to revisit our recent decision. Therefore, we overrule the Appellant's third assignment of error.
 IV. Conclusion {¶ 35} Having addressed the Appellant's three assignments of error, we decline the opportunity to address the Appellees' cross-assignments of error, as the appeal has been sufficiently resolved by addressing the Appellant's assigned errors. In our view, Ross County, Dispatcher Haggard, and Sheriff Nichols are entitled to immunity without exception. Likewise, we find that Ohio's Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, is constitutional. Accordingly, we affirm the judgment of the Ross County Court of Common Pleas.
 JUDGMENT AFFIRMED. *Page 21 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 2744.02(B)(3) was amended effective April 9, 2003. It now provides for liability only if injury is caused by the physical condition of the roadway. The cause of action in the case at bar accrued on October 30, 2002; therefore, the version of the statute which was in effect at that time, as set forth supra, is the applicable law in this case.
[2] R.C. 2744.02(B)(4) was amended effective April 9, 2003. It now provides for liability only if negligence in a government building which causes injury relates to the physical condition of the building itself. The cause of action in the case at bar accrued on October 30, 2002; therefore, the version of the statute which was in effect at that time, as set forth supra, is the applicable law in this case.
[3] R.C. 4931.49 was rewritten May 5, 2005. The cause of action in the case at bar, however, accrued on October 30, 2002; therefore, the version of the statute which was in effect at that time, as set forth supra, is the applicable law in this case.